THE STATE OF OHIO, APPELLEE, *v.* WATSON, APPELLANT.

[Cite as State *v.* Watson (1989), 47 Ohio St. 3d 93.]

(No. 88-1897—Submitted October 17, 1989—Decided December 20, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Christian J. Schaefer,* for appellee.

*James M. Carroll* and *Brian J. Anten,* for appellant.

H. BROWN, J. The question before us is whether the juvenile court abused its discretion when it relinquished jurisdiction over appellant pursuant to Juv. R. 30. For the reasons which follow, we find that it did not.

Juv. R. 30 provides in pertinent part:

"(C) The proceedings may be transferred [to the general division of the common pleas court] if the court finds there are reasonable grounds to believe:

"(1) The child is not amenable to care or rehabilitation in any facility designed for the care, supervision and rehabilitation of delinquent children; and

"(2) The safety of the community may require that the child be placed under legal restraint for a period extending beyond the child's majority.

"* * *

"(E) In determining whether the child is amenable to the treatment or rehabilitative processes available to the juvenile court, the court shall consider:

"(1) The child's age and his mental and physical health;

"(2) The child's prior juvenile record;

"(3) Efforts previously made to treat or rehabilitate the child;

"(4) The child's family environment; and

"(5) School record."

Appellant argues that the juvenile court erred by considering the safety of the community as a factor bearing on his amenability to treatment. He asserts that amenability to treatment is to be determined solely by reference to the five factors listed in Rule 30(E). Those factors, he claims, were favorable to appellant. Thus, he contends that his amenability to treatment was affirmatively established and "a bindover is contra-indicated."

The purpose behind Juv. R. 30, and its statutory counterpart, R.C. 2151.26, is "the assessment of the probability of rehabilitating the child within the juvenile justice system." *State* v. *Douglas* (1985), 20 Ohio St. 3d 34, 36, 20 OBR 282, 284, 485 N.E. 2d 711, 713; *State* v. *Adams* (1982), 69 Ohio St. 2d 120, 123, 23 O.O. 3d 164, 167, 431 N.E. 2d 326, 329. In making this assessment, the juvenile court enjoys wide latitude to retain or relinquish jurisdiction, and the ultimate decision lies within its sound discretion. *State* v. *Carmichael* (1973), 35 Ohio St. 2d 1, 64 O.O. 2d 1, 298 N.E. 2d 568, paragraphs one and two of the syllabus; see, also, *Douglas, supra,* at 36-37, 20 OBR at 284-285, 485 N.E. 2d at 713. There is no requirement that each, or any, of the five factors in Rule 30(E) be resolved against the juvenile so long as the totality of the evidence supports a finding that the juvenile is not amenable to treatment. *Douglas, supra,* at 37, 20 OBR at 285, 485 N.E. 2d at 713, citing *State* v. *Oviedo* (1982), 5 Ohio App. 3d 168, 5 OBR 351, 450 N.E. 2d 700.

Rule 30 calls for a broad assessment of individual circumstances. Mechanical application of a rigidly defined test would not serve the purposes of the public or the juvenile. Further, reduction of the bindover decision to a formula would constrain desirable judicial discretion. We agree

with appellant that Rule 30(E) requires consideration of all the listed factors, but we discern nothing in the rule, or in the policy it serves, which prohibits consideration of other relevant factors.

The seriousness of the alleged act is relevant to "the assessment of the probability of rehabilitating the child within the juvenile justice system" for a number of reasons.

As the juvenile court noted in its opinion, the Department of Youth Services cannot retain custody of a delinquent child beyond age twenty-one. R.C. 2151.355(A). A juvenile who has demonstrated the ability to commit a major felony may require more time for rehabilitation than one whose offenses are less serious. Because of a juvenile's age, there may not be sufficient time remaining for rehabilitation to take place before the twenty-first birthday, even though the juvenile is otherwise amenable to rehabilitation. This factor falls within the requirement of Rule 30(E) that the age of the juvenile be considered.

Further, the nature of the alleged act is usually relevant to the child's mental health, a factor which the court must also consider under Rule 30 (E)(1). Generally the greater the culpability of the offense, the less amenable will the juvenile be to rehabilitation. In making the bindover decision, it would not be logical, or consistent with Rule 30(E), to consider the juvenile's past record but ignore the act which has brought the juvenile to court. Accordingly, we hold that in deciding whether to relinquish jurisdiction over a child, a juvenile court may consider the seriousness of the alleged offense when determining, pursuant to Juv. R. 30(C)(1), if the juvenile is "not amenable to care or rehabilitation" in the juvenile justice system.

Although we have found that the juvenile court properly considered the nature of the offense, this does not end our inquiry. We must still determine if the court soundly exercised its discretion. See *Carmichael, supra,* at paragraph two of the syllabus. In the instant case, appellant was the principal actor in a scheme with several other boys to beat and rob the victim, Robert Cooley. Appellant attacked Robert from behind with a tree limb, knocking him to the ground, and continued to hit him while he was down. These blows were delivered with sufficient force that any one could have been fatal. The appellant was fifteen years old and the time available to accomplish his rehabilitation was less than six years. Balancing these facts against the admittedly favorable testimony which appellant presented at the bindover hearing, we cannot say that the juvenile court abused its discretion in concluding that appellant would not be amenable to rehabilitation in the juvenile justice system.

Accordingly, we hold that the juvenile court properly relinquished jurisdiction over appellant and affirm the appellate court below.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.