**State v. Brown**
*[Cite as 4 AOA 363]*

*Case No. 89CA004643*
*Lorain County, (9th)*
*Decided June 27, 1990*

Gregory A. White, Prosecuting Attorney, 226 Middle Ave., Elyria, OH 44035, for Plaintiff.

Jack W. Bradley, Attorney at Law, 520 Broadway, 2nd Floor, Lorain, OH 44052, for Defendant.

CACIOPPO, J.

This is an appeal of the transfer, or bindover order of the Juvenile Court of Lorain County of appellant, Thomas Jason Brown (Jason Brown), to the general division of the Lorain County Court of Common Pleas pursuant to R.C. 2151.26 and Juv. R. 30. We affirm.

On November 10, 1988, Michelle Hoffner, a route manager for the *Lorain Journal* Newspaper Company, was delivering newspapers to people who had not received their newspaper during the regular delivery time on East 30th Street in Lorain, Ohio. Having exited her automobile to deliver a newspaper, Miss Hoffner saw two individuals, Jason Brown and Keith Williams, both juveniles, enter the automobile she had been driving that evening. Miss Hoffner ran to the front of the automobile in an attempt to stop the theft of the vehicle. The vehicle struck her, hurling her into the air and on to the windshield and hood of the vehicle. The automobile came to an abrupt stop and Miss Hoffner fell in front of the vehicle. Jason Brown accelerated the automobile dragging Miss Hoffner's body approximately seventy-two feet down the road. Keith Williams, age seventeen, was seated in the front passenger seat when the incident occurred.

A complaint was filed in the Juvenile Court of Lorain County on November 21, 1988, alleging that Jason Brown was a delinquent child by reason of his commission of the crimes of aggravated murder and aggravated robbery. Pursuant to Juv. R. 30, a motion to transfer Jason Brown to the general division of the Lorain County Court of Common Pleas was filed on November 22, 1988. The juvenile court conducted a hearing on November 28, 1988 and found probable cause to believe that both offenses did occur and that Jason Brown was involved in the accident. The court then ordered the requisite physical and mental examinations.

Pursuant to R.C. 2151.26 and Juv. R. 30, a hearing was conducted in juvenile court on December 27 and 28 to determine whether there were reasonable grounds to believe that Jason Brown was not amenable to treatment or rehabilitation in a juvenile facility. Following the hearing, the juvenile court issued an order finding that Jason Brown was not amenable to care or rehabilitation in any facility designed for the care of delinquent children and that the safety of the community required that he be placed under legal restraint for a period extending beyond his age of majority. Subsequent to this transfer to the Lorain County Court of Common Pleas, the grand jury entered an indictment on four separate counts: Aggravated Murder, R.C. 2903.01(B); Murder, R.C. 2903.02(A); Involuntary manslaughter, R.C. 2903.04(A); and Aggravated robbery, R.C. 2911.01(A)(2), relating to the death of Michelle Hoffner.

On May 12, 1989, Jason Brown, with his attorney, entered a plea of guilty to murder and aggravated robbery. He was sentenced to a term of fifteen years to life for the murder of Michelle Hoffner and a concurrent sentence of seven to twenty-five years for the offense of aggravated robbery. Jason Brown asserts two assignments of error.

### ASSIGNMENT OF ERROR I

"The trial court erred in denying appellant an immediate right of appeal from a transfer order of the juvenile division of the court of common pleas to the court of appeals in violation of the due course of law clause of Section 16, Article I of the Ohio Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution."

The transfer of jurisdiction, or bindover, refers to the process by which a juvenile court relinquishes jurisdiction and transfers a juvenile case to the common pleas court for prosecution. R.C. 2151.26 and Juv. R. 30 provide the procedure for this transfer of jurisdiction. The purpose behind Juv. R. 30 and R.C. 2151.26 is to assess the probability of rehabilitating the child within the juvenile justice system. *State* v. *Watson* (1989), 47 Ohio St. 3d 93, 95; *State* v. *Adams* (1982), 69 Ohio St. 2d 120, 123.

In the instant case, the juvenile court conducted two hearings prior to issuing the transfer order. At the first hearing, the juvenile court found probable cause to believe that Jason Brown

committed the act alleged. A second hearing was conducted to consider whether there were reasonable grounds to believe that Jason Brown was not amenable to care or rehabilitation in any facility designed for the care, supervision and rehabilitation of delinquent children; and that the safety of the community required that he be placed under legal restraint beyond his majority as required by R.C. 2151.26 and Juv. R. 30. At the close of the second hearing, counsel for appellant asked the juvenile court for the right to appeal the transfer order. The juvenile court denied the request.

Appellant argues that the denial of the right to appeal an order that transfers a case from the juvenile division of a common pleas court to the general division of a common pleas court pursuant to R.C. 2151.26 and Juv. R. 30 violates Section 16, Article I, Ohio Constitution (Due Course of Law Clause) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We disagree.

The Supreme Court of Ohio has held that a transfer order, pursuant to R.C. 2151.26, absent a finding of delinquency, is not a final appealable order. *In re Becker* (1974), 39 Ohio St. 2d 84, 87.

Appellant's reliance on *In re Whittington* (1969), 17 Ohio App. 2d 164 is misplaced. In *Becker, supra,* the court explicitly stated that the 1969 amendment to R.C. 2151.26, now found in R.C. 2151.26(F), was meant to determine the path of appellate procedure in juvenile transfer orders. *Id.* at 87. This court declines the invitation to set aside the decision of this state's highest court.

The due process concerns as found in *Kent* v. *United States* (1966), 383 U.S. 541 and in *Breed* v. *Jones* (1975), 421 U.S. 519 are not present when there is no formal adjudication or finding of delinquency. Furthermore, appellant is given the opportunity for a review of the juvenile court proceedings in an appeal from the judgment of the court of common pleas. See, *State, ex rel. Torres* v. *Simmons* (1981), 68 Ohio St. 2d 118. To do otherwise would needlessly delay a full adjudication of the merits of the case. *In re Becker, supra,* at 86. Appellant's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"The trial court erred and abused its discretion in binding appellant over to the court of common pleas for prosecution as an adult."

In his second assignment of error, the appellant asserts that the juvenile court abused its discretion when it relinquished jurisdiction over the appellant pursuant to Juv. R. 30. We disagree.

Juv. R. 30 sets forth certain prerequisites that must be established prior to transfer to the general division of the common pleas court. They are as follows:

"* * *.

"(C) *Prerequisites to transfer.* The proceedings may be transferred if the court finds there are reasonable grounds to believe:

"(1) The child is not amenable to care or rehabilitation in any facility designed for the care, supervision and rehabilitation of delinquent children; and

"(2) The safety of the community may require that the child be placed under legal restraint for a period extending beyond the child's majority.

"* * *."

The rule also requires that five factors must be considered in determining the child's amenability to rehabilitation.

Juv. R. 30(E) in pertinent part provides:

"(E) *Determination of amenability to rehabilitation.* In determining whether the child is amenable to the treatment or rehabilitative processes available to the juvenile court, the court shall consider:

"(1) The child's age and his mental and physical health.

"(2) The child's prior juvenile record;

"(3) Efforts previously made to treat or rehabilitate the child;

"(4) The child's family environment; and

"(5) School record."

Appellant objects to the introduction of certain testimony from detectives of the Lorain Police Department that described prior contacts the police officers had with the appellant over the preceding years. These contacts described investigations of the appellant's alleged misconduct that did not result in a formal adjudication of delinquency in the juvenile court. He also objected to the introduction of testimony from another juvenile concerning an alleged fighting incident that was not presented to the juvenile court for judgment.

In making the assessment of the probability of rehabilitating the child within the juvenile justice system, the juvenile court should have considerable latitude to retain or relinquish jurisdiction. *State* v. *Carmichael* (1973), 35 Ohio St. 2d 1, paragraph one of the syllabus.

In *State* v. *Watson, supra,* at 95, the court reasoned,

"* * *.

"Rule 30 calls for a broad assessment of individual circumstances. Mechanical application of a rigidly defined test would not serve the purposes of the public or the juvenile. Further, reduction of the bindover decision to a formula would constrain desirable judicial discretion.* * * ".

In the case before us, the introduction of the detectives testimony in a transfer proceeding was not an abuse of the extensive discretion given the juvenile court. Further, the juvenile court's focus on the serious nature of the alleged crime has been held to be a proper consideration when determining if a juvenile is not amenable to care or rehabilitation in the juvenile justice system. *Id.* at 96.

It is our conclusion after an examination of the record in this case that the juvenile court had sufficient evidence to find that there were reasonable grounds to believe that Jason Brown is not amenable to care or rehabilitation in any facility within the juvenile justice system, and that the safety of the community may require that he be placed under legal restraint for a period beyond his attainment of majority age. There was no abuse of discretion by the juvenile court in considering the police detective's testimony. The juvenile court conducted a thorough and complete review of all of the factors found in Juv. R. 30(E). Therefore, appellant's second assignment of error is overruled.

The decision of the juvenile court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.