OPINION
Defendant-appellant, Kelly Longstreth, was bound over from the Logan County Court of Common Pleas, Juvenile Division, to the general division of the common pleas court for criminal prosecution as an adult under R.C. 2151.26(C)(1). Defendant later pled to and was sentenced on two counts of burglary and four counts of complicity to commit burglary. Defendant now appeals raising the following assignment of error:
 The trial court abused its discretion when it relinquished jurisdiction pursuant to Section 2151.26(C)(1), and ordered the cases of Kelly Longstreth transferred to the Logan County Court of Common Pleas for criminal prosecution as an adult.
 Pursuant to R.C. 2151.26(C)(1), the juvenile court has the discretionary authority to transfer jurisdiction over a juvenile offender where it determines, after a hearing, that the juvenile was fourteen years of age or older at the time of the act charged; that there is probable cause to believe that the juvenile committed an act that would be a felony if committed by an adult; and that, after an investigation, including a mental examination of the juvenile and consideration of all relevant information and factors, including the factors listed in R.C. 2151.26(C)(2), that there are reasonable grounds to believe the juvenile is not amenable to care or rehabilitation in the juvenile system and the safety of the community requires that the juvenile be placed under legal restraint, including, if necessary, for the period extending beyond the juvenile's age of majority. The five factors of R.C. 2151.26(C)(2) in favor of transfer of the case are as follows:
 (a) A victim of the act charged was five years of age or younger, regardless of whether the child who is alleged to have committed that act knew the age of that victim;
 (b) A victim of the act charged sustained physical harm to the victim's person during the commission of or otherwise as a result of the act charged.
 (c) The act charged is not a violation of section 2923.12 of the Revised Code, and the child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
 (d) The child has a history indicating a failure to be rehabilitated following one or more commitments pursuant to division (A)(3), (4), (5), (6), or (7) of section 2151.355 [2151.35.5] of the Revised Code.
 (e) A victim of the act charged was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the act charged, regardless of whether the child who is alleged to have committed that act knew the age of that victim.
 Defendant contends in her sole assignment of error that the amenability factors set forth in former Juv.R. 30 weigh heavily in her favor so as to constitute an abuse of discretion by the trial court during the amenability phase of the bindover process. However, Juv.R. 30(F) was amended as of July 1, 1997, and as indicated above, R.C. 2151.26(C) now lists the factors to be used in determining a juvenile's amenability to care or rehabilitation for purposes of transfer.
The defendant in this case has a prior juvenile record which includes unruly child, juvenile delinquent, and parole revocation. On defendant's adjudication of delinquency for theft, she was committed to the Department of Youth Services for institutionalization for a minimum period of six months and a maximum period not to exceed her attainment of twenty-one years of age. At the amenability hearing, Daryl Gray, a juvenile parole officer, testified that substance abuse treatment and counseling has been part of defendant's post-release treatment. However, it was brought to the juvenile court's attention that three months after defendant had been released from a residential drug abuse treatment center in October 1997, her attendance or commitment to follow through with the treatment delineated on parole was lacking. He also stated that defendant had been truant from school a substantial amount of time and had positive screens for drugs. He noted two parole violations were filed since that time. Defendant ultimately had her parole revoked and was committed to the Department of Youth Services for a period of ninety days at which time she was placed in the Scioto Village program for further substance abuse treatment.
Dr. James Reardon, a psychologist, testified that he performed a clinical evaluation of defendant and found her to be in the average range of intelligence. She was diagnosed with a depressive disorder, cannabis or marijuana dependence, and oppositional defiant disorder. He explained that certain conditions like depression and peer self concept will outweigh a juvenile's intelligence. As to defendant's amenability to rehabilitation, he opined that defendant is capable of being rehabilitated if she were to be treated for both her depression and substance abuse. Defendant's mother touched on the issue of defendant's immaturity.
A review of the record reveals that the parole officer testified about defendant's unsuccessful efforts at rehabilitation to grant her release from parole during a period of almost two years and, even though the psychologist's opinion concerning defendant's chances of rehabilitation was different, we cannot say that the juvenile court was required to deny the State's bindover request. A juvenile court enjoys wide latitude in determining whether it should relinquish jurisdiction over a juvenile, and its ultimate decision will not be reversed absent an abuse of discretion. State v. Watson (1989), 47 Ohio St.3d 93, 95. The juvenile court had before it evidence showing defendant's history of continued substance abuse, treatment at substance abuse centers, noncompliance with treatment recommendations and her prior juvenile record. Accordingly, there was sufficient evidence presented upon which the juvenile court could conclude that there were reasonable grounds to believe that defendant was not amenable to rehabilitation and transfer defendant's case for adult criminal prosecution.
Finding no abuse of discretion, we overrule defendant's sole assignment of error and affirm the judgment of the juvenile court.
Judgment affirmed.
 HADLEY, P.J., and BRYANT, J., concur.