OPINION
Appellant Gregory C. Rowan appeals a judgment of the Perry County Common Pleas Court convicting him of aggravated burglary (R.C.2911.11(A)(2)), aggravated robbery (R.C. 2911.01 (A) (1)), and theft of a firearm (R.C. 2913.01 (A)(1)):
 ASSIGNMENTS OF ERROR 1. THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW WHEN THE PERRY COUNTY JUVENILE COURT FAILED TO STRICTLY ADHERE TO THE PROVISIONS OF JUVENILE RULE 30 AND OHIO REVISED CODE SECTION 2151.26 IN FAILING TO CAUSE A PSYCHOLOGICAL EXAMINATION TO BE CONDUCTED UPON THE JUVENILE IN A DISCRETIONARY BIND-OVER PROCEEDING.
 2. THE PERRY COUNTY COURT OF COMMON PLEAS, GENERAL DIVISION, LACKED JURISDICTION TO TAKE APPELLANT'S PLEA OF "NO CONTEST" AND THEREAFTER SENTENCE THE APPELLANT.
On March 15, 1999, appellant and a friend, Willie Neighbors, approached the residence of Melvin Chevalier in Junction City, Ohio. Appellant and his friend pretended they had vehicle problems, and asked to use Mr. Chevalier's phone. Mr. Chevalier invited them into the residence. Appellant went into the Chevalier's bedroom, while Neighbors directed Mr. and Mrs. Chevalier to the kitchen. Neighbors bound the Chevaliers and robbed them at knife point. Appellant took a handgun from the Chevaliers' bedroom. Appellant was 17 years of age when this incident occurred. The State moved to bind appellant over to adult court for trial. The Perry County Juvenile Court held a probable cause hearing on April 15, 1999. After finding probable cause, the court continued the case for the second stage of the bind-over proceeding, regarding amenability. Before the amenability hearing, appellant was referred to Dr. Dennis Eshbaugh, a licensed psychologist, for a mental examination. Following this examination, Dr. Eshbaugh submitted a four-page report to the court, concluding that appellant was not amenable to rehabilitation in the juvenile justice system. The case proceeded to an amenability hearing, at which Dr. Eshbaugh testified. Following the amenability hearing, the court bound appellant over to the Perry County Common Pleas Court for trial. On April 30, 1999, appellant was indicted by the Perry County Grand Jury. On June 28, 1999, appellant entered a plea of no-contest to aggravated burglary, two counts of aggravated robbery, and theft of a firearm. He was sentenced to seven years incarceration on each count of aggravated burglary and aggravated robbery, and six months incarceration on the count of theft of a firearm, with all periods of incarceration running concurrently.
 I
Appellant argues that he was effectively denied a mental examination before he was bound over from juvenile court, in violation of R.C. 2151.26 (C)(3), and Juv. R. 30 (C). Appellant argues that Dr. Eshbaugh did no objective testing before rendering his opinion, and based his opinion on nothing more than "stale-second hand information and his interview of the appellant." Appellant's brief, page 7. The purpose behind Juv. R. 30, and its statutory counterpart, R.C. 2151.26, is the assessment of the probability of rehabilitating a child within the juvenile justice system. State v. Watson (1989), 47 Ohio St.3d 93, 95. In making this assessment, the juvenile court enjoys wide latitude to retain or relinquish jurisdiction, and the ultimate decision lies within its sound discretion. Id. Reduction of its bind-over decision to a formula would constrain desirable judicial discretion. Id. Appellant challenges the adequacy of the examination conducted by Dr. Eshbaugh. Our review of the record reveals that Dr. Eshbaugh's report was not inadequate or incomplete. Dr. Eshbaugh testified that he interviewed appellant for approximately two hours. In preparing his report, he considered appellant's social history, school records, and police reports. He administered a mental status exam when he interviewed appellant. He determined that standardized psychological testing, such as the MMPI for Adolescents, should not be administered due to appellant's limited reading skills. He further indicated in the report that he did not consider projective psychological testing, given appellant's response to the interview. Based on this information, Dr. Eshbaugh concluded that appellant had a conduct disorder, characterized by acting out behavior, criminal conduct, brooding resentment, and poorly controlled anger. He concluded that appellant's problems have been compounded by mild mental retardation, and dependence on marijuana. He concluded that appellant's amenability to treatment seemed limited. Appellant failed to take advantage of special educational programming provided to him at school, failed to follow up on counseling after a psychiatric examination, and while in the custody of the Ohio Department of Youth Services, avoided the stress and opportunity of rehabilitation programming by remaining on suicide watch for most of his commitment. Dr. Eshbaugh also noted that appellant failed to follow up on outpatient treatment for substance abuse, despite the fact that treatment was part of his supervised aftercare requirements when released from DYS. While Dr. Eshbaugh admitted at the amenability hearing that the more information available to him, the more comfortable he would be rendering an opinion, he testified that he felt he had enough information presented to him to make a decision. The record does not reflect that the mental examination was inadequate. The report was Dr. Eshbaugh's expert opinion as to whether appellant was amenable to rehabilitation. The most effective means of challenging the basis of an expert's opinion is through cross-examination. State v. Moore (September 5, 1997), Belmont Appellate No. 96-BA-21, unreported. The record indicates that counsel for appellant strenuously cross-examined Dr. Eshbaugh, in an attempt to draw the court's attention to the claimed inadequacy of the mental examination process. The weight to be given the opinion lies within the discretion of the trial court. Further, appellant did not object to the expert qualifications of Dr. Eshbaugh, did not object to his testimony rendering his expert opinion on amenability, and did not object to the admission of the report. Appellant withdrew his motion for an independent mental evaluation. Appellant stipulated to the existence of other factors in favor of ordering the transfer of the case pursuant to R.C.2151.26 (C)(2). Appellant stipulated to the nature of the incident, the fact that a gun was involved in the incident, and the fact that one of the victims was over the age of 65. Appellant's juvenile record, admitted without objection, revealed that appellant had appeared in Perry County Juvenile Court on fourteen separate offenses. Appellant was twice committed to the Department of Youth Services, and re-offended subsequent to each release. Appellant was near the age of majority at the time of the offense. Based on the totality of evidence before the court on the issue of amenability, the court did not abuse its discretion in finding appellant not amenable to treatment in the juvenile justice system. The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues that the Perry County Common Pleas Court lacked subject matter jurisdiction, due to the impropriety of the bind-over proceeding. Appellant's claim of error relies for its validity on his claim that a proper mental examination was not conducted. As we have overruled this claim in Assignment of Error I, the second assignment of error is without merit. Appellant's second assignment of error is overruled.
The judgment of the Perry County Common Pleas Court is affirmed.
HOFFMAN, J. and FARMER, J. CONCUR.