I reluctantly concur in the majority's opinion.
This appeal is disheartening in many aspects, not just in the death of two innocent victims. While the crimes defendant admitted to committing are horrible by any standard, nothing done in the court proceedings which followed will undo them. Rather, the issue before the juvenile branch of the domestic relations court was whether defendant was amenable to rehabilitation.
In reviewing the trial court's decision under the standard set forth in the statute, coupled with the Ohio Supreme Court's decision in State v. Watson (1989), 47 Ohio St.3d 93, I am unable to conclude that the trial court abused its discretion in binding defendant over to the common pleas court for trial as an adult. Nonetheless, a compelling argument can be made that the trial court should have and could have within the proper exercise of its discretion, found defendant amenable to rehabilitation.
Specifically, this defendant presented above average intelligence, good school attendance, no prior criminal record, a supportive family, reasonable grades in school, minimal problems in school relating not to violence but to tardiness, and a generally non-violent demeanor. Indeed, the trial court recognized that defendant's attributes indicated he was amenable to rehabilitation. Only in considering the seriousness of the offenses defendant committed did the court conclude that defendant should be bound over to adult proceedings. I recognize that the seriousness of the crime was a proper consideration for the trial court. R.C. 2151.26(C); Watson, supra. Without question, the seriousness of the offense defendant committed at first blush counterbalances the positive attributes in defendant's history.
Nonetheless, a single aspect of the case suggests rehabilitation was appropriate: defendant confessed to committing the crime. The record suggests this crime was "solved" for no other reason than because defendant, under the influence and direction of his family and their minister, presumably was told to do the "right thing," turn himself into the police, confess to the crimes, and accept the punishment. His having done so suggests a character trait worthy of being given a chance to mature, and combined with his other positive qualities, produce an adult capable of contributing to society. The trial court's decision to bind defendant over to adult proceedings eliminates the possibility that defendant will have the beneficial influence of family or his minister in any significant measure, but instead will be molded by those with whom he associates in prison. Despite the potential for rehabilitation, the trial court clearly recognized its decision ensures that nothing positive will ever come from the tragic events giving rise to this case, and that defendant, despite his tender years, will never have the opportunity to correct his mistakes in a way which benefits society.
Because, however, I cannot say the trial court was outside the range of discretion allotted under the statutes and case law, I am compelled to concur in the majority decision.