[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that relinquished jurisdiction over appellant and transferred his case to the Lucas County Court of Common Pleas, General Division, for criminal prosecution of appellant as an adult. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following as his sole assignment of error:
 {¶ 3} "The juvenile court committed prejudicial error when it transferred jurisdiction of the defendant-appellant to the general division."
 {¶ 4} On September 16, 2001, a complaint was filed in the Lucas County Court of Common Pleas, Juvenile Division, charging appellant, then 16 years old, with aggravated robbery. On September 18, 2001, the state filed a motion requesting that the juvenile court relinquish its jurisdiction over appellant and transfer his case to the general division for prosecution as an adult. At a hearing held on October 3, 2001, appellant stipulated that the offense occurred in Lucas County, Ohio; that appellant's date of birth is August 2, 1985; that, for purposes of the initial hearing only, there was probable cause to believe that appellant committed the act alleged, and that the act would be a felony if committed by an adult. The matter was continued for investigation, which was to include a social history and a mental evaluation, and final hearing was held on November 13, 2001.
 {¶ 5} In a judgment entry filed November 26, 2001, the trial court found that appellant was not amenable to care or rehabilitation in a juvenile facility designed for that purpose and that community safety may require his incarceration beyond the age of 21. The trial court granted the state's motion and ordered that the juvenile court relinquish jurisdiction of the case to the Lucas County Court of Common Pleas, General Division, pursuant to Juv.R. 30.[1]
 {¶ 6} R.C. 2151.26(C)(1), in effect at the time the instant matter was before the court, provided that the juvenile court may transfer a case for criminal prosecution after considering the factors specified in division (C)(2) of that section and after making the following determinations: that the child was fourteen years of age or older at the time the offense was committed; that there was probable cause to believe that the child committed the offense charged; and that, after an investigation which included a mental examination, there were reasonable grounds to believe that both of the following criteria were satisfied: "(i) The child is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children.
 {¶ 7} "(ii) The safety of the community may require that the child be placed under legal restraint, including, if necessary, for the period extending beyond the child's majority." R.C. 2151.26(C)(1)(c)[2]
 {¶ 8} Division (C)(2) provides that, when determining whether to order the transfer of a case for criminal prosecution pursuant to division (C)(1), the court shall consider all of the following factors in favor of ordering the transfer:
 {¶ 9} "(a) A victim of the act charged was five years of age or younger ***.
 {¶ 10} "(b) A victim of the act charged sustained physical harm ***.
 {¶ 11} "(c) The act charged is not a violation of section2923.12 of the Revised Code, and the child is alleged to have had a firearm on or about the child's person *** while committing the act charged ***.
 {¶ 12} "(d) The child has a history indicating a failure to be rehabilitated following one or more commitments pursuant to division (A)(3), (4), (5), (6), or (7) of section 2151.355 *** of the Revised Code.
 {¶ 13} "(e) A victim of the act charged was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the act charged ***."
 {¶ 14} As noted above, appellant stipulated to age, venue and probable cause, so the trial court had only to consider the mental examination and the evidence presented at the hearing and apply the criteria found in R.C. 2151.26(C)(1)(c)(i) and (ii), as well as division (C)(2), as set forth above.
 {¶ 15} In making an assessment as to the probability of rehabilitating a child within the juvenile justice system, the juvenile court enjoys wide latitude as to whether to retain or relinquish jurisdiction. The ultimate decision lies within the juvenile court's sound discretion. State v. Watson (1989), 47 Ohio St.3d 93. See alsoState v. Hopfer (1996), 112 Ohio App.3d 521, 535-536; State v. Stasher
(May 11, 2001), Lucas App. No. L-01-1152. In the juvenile court's broad assessment, any one particular factor may carry more weight than other factors. Hopfer, supra. This court in Hopfer, supra, stated that "any evidence that reasonably supports the juvenile court's decision to relinquish jurisdiction will suffice to sustain that court's judgment."
 {¶ 16} Accordingly, in reviewing the juvenile court's decision to permit the state to prosecute appellant as an adult, the test is not whether we would have reached the same result upon the evidence before the juvenile court; the test is whether the juvenile court abused the discretion vested in it. As the Supreme Court of Ohio has held, "the term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Therefore, we must review the juvenile court's decision to determine whether it was unreasonable, arbitrary, or unconscionable.
 {¶ 17} From our review of the record, we cannot say that the juvenile court abused its discretion when it decided to relinquish jurisdiction and permit the state to prosecute appellant as an adult. The court heard the testimony of appellant's probation officer Mark Freeman, and social worker, Pamela Fledderjohnn, both of whom stated that, while appellant was a threat to the community and himself, he should be held in a youth detention facility rather than tried as an adult and sent to prison. Freeman later clarified that he had reason to believe appellant would be a threat to the community beyond the age of 21. Georgeann Clemens, another of appellant's social workers, testified that her agency had not "given up" on appellant and that he still had a bed available at his foster home. She also stated, however, that the violent behavior appellant displayed in order to get what he wanted had escalated, although it was being controlled to some degree. Larry Karow, appellant's foster father for the past two years, testified appellant had shown gradual improvement in his two years in the foster home but that he had regressed recently in the time he had been in the juvenile detention center. Karow stated his belief that appellant should serve some time in detention for his actions but would be harmed by the adult penal system or by incarceration with the department of youth services. He further testified that he did not know whether appellant was a threat to himself and others. Karow testified that during the time when he considered appellant to show improvement, appellant at various times kicked him in the head while he was driving and threatened to jump out of the car in traffic, broke a window and threatened to cut Karow with a piece of the broken glass, shot several staples at Karow from a staple gun, hit Karow and bit him, threatened Karow and other residents of the home with physical harm, told another youth that he would kill him, and threw a brick through one of the windows in the home. Karow stated that he was willing to take appellant back in his home. Rick Skidmore, a social worker with Focus Heath Care of Ohio, testified that he had been working with appellant for almost two years. He stated that appellant could pose a threat to others if he does not have enough supervision but that he should be allowed to remain in the juvenile justice system.
 {¶ 18} The juvenile court clearly gave significant weight to the report submitted by Dr. Thomas Sherman of the Court Diagnostic 
Treatment Center, who evaluated appellant prior to the final hearing. Following a mental status evaluation and a thorough review of appellant's extensive psychiatric records, personal history and police reports, Dr. Sherman concluded: "It is inconceivable that anything further could be done within the juvenile system. It is likely that with the combination of factors mentioned above, that Mr. Shreves will remain a danger to the community beyond the age of majority." In addition to Dr. Sherman's conclusion, this court notes that none of the witnesses, all of whom have spent a significant amount of time over the past two years with appellant, was able to state that appellant would be amenable to rehabilitation in the juvenile justice system and that there would be no need for legal restraint beyond the age of 21.
 {¶ 19} Based on the foregoing, this court finds that the trial court's decision to relinquish jurisdiction of appellant's case and transfer it to the Lucas County Court of Common Pleas, General Division, was not an abuse of discretion. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 20} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J. Richard W. Knepper, J. Arlene Singer, J.
[1] Appellant subsequently was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1). He entered a no contest plea, was found guilty of the charge, and sentenced to three years imprisonment.
[2] Effective January 1, 2002, R.C. 2151.26 was repealed and replaced with R.C. 2152.12.