[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In four assignments of error, defendant-appellant Jerome Dennis appeals from his conviction for robbery and felonious assault after a bench trial in the Hamilton County Common Pleas Court. The trial court acquitted Dennis of two additional charges of felonious assault. On the evening of July 25, 2001, Dennis and co-defendants Robert Goodman and Keith Anderson approached three youths in a secluded area of Colerain Township called Coogan Falls. The youths were drinking alcohol and smoking marijuana. Dennis and his comrades engaged the youths in conversation while each one positioned himself near an intended victim. Dennis and his comrades then attacked the victims with rocks, their fists, and blows from their boots. The victims sustained severe lacerations and bruises.
 {¶ 3} Dennis was sixteen years old when he attacked the victims. Following a amenability hearing before the Hamilton County Juvenile Court, the court transferred jurisdiction over Dennis to the Hamilton County Common Pleas Court for criminal prosecution.
 {¶ 4} In three interrelated assignments of error, Dennis challenges the weight and the sufficiency of the evidence adduced at his criminal trial to support his conviction. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The trial court heard ample evidence that, in concert with his two co-defendants, and without provocation, Dennis attacked and disabled two of the victims, prevented them from aiding each other, and rifled through the pockets of another victim. One victim testified that Dennis struck him in the head from behind with a rock. The trial court was entitled to reject Dennis's theory that he was merely engaging in mutual combat with the victims following their calling his comrades "bitches" or "nigger." The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine. See State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 5} Moreover, the trial court did not err in denying the motions for acquittal, as reasonable minds could have reached different conclusions as to whether each element of the crimes charged had been proven beyond a reasonable doubt. See Crim.R. 29; see, also, State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. The first, second, and third assignments of error are overruled.
 {¶ 6} In his fourth assignment of error, Dennis contends that the juvenile court abused its discretion when it transferred his case to the common pleas court. He asserts that the juvenile court failed to consider all the requisite factors before reaching its decision.
 {¶ 7} Discretionary transfer allows the juvenile court to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or who appear to be a threat to public safety. See R.C. 2152.12(B). In assessing the probability of rehabilitating a child within the juvenile justice system, the juvenile court enjoys wide latitude to entertain or relinquish jurisdiction, and the ultimate decision lies within its sound discretion. See State v. Watson (1989), 47 Ohio St.3d 93, 95,547 N.E.2d 1181 (interpreting former R.C. 2151.26, now codified at R.C.2152.12). Following a psychological examination of Dennis, the court carefully weighed all the required factors, including his age, the seriousness of the offenses, his active role in the attack, and the mitigating factors present, including Dennis's lack of previous contacts with the juvenile system. The assignment of error is overruled, as the record reflects that the juvenile court fully complied with Juv.R. 30 and R.C. 2152.12(B) through (E), and did not abuse its discretion in reaching its transfer decision.
 {¶ 8} Therefore, the judgment of the trial court is affirmed.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.