DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted the state's motion to relinquish jurisdiction to the general criminal division of the Lucas County Court of Common Pleas, and from the trial court's judgment which sentenced appellant to a term of incarceration greater than the minimum set forth by law. For the reasons that follow, both judgments are affirmed.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "I. The Juvenile Court abused its discretion when it granted Appellee's motion to relinquish jurisdiction over Appellant and transfer him to the Court of Common Pleas General Division for criminal prosecution as an adult.
 {¶ 4} "II. The trial court violated Appellant's Sixth Amendment rights when it sentenced appellant to a prison term of four years since said sentence was a violation of Blakely v. Washington (2004), 124 S.Ct. 2531."
 {¶ 5} On January 30, 2004, appellant was charged in the Lucas County Court of Common Pleas, Juvenile Division, with delinquency for committing rape. Appellant was 16 years old. The state of Ohio filed a motion requesting that the juvenile court relinquish its jurisdiction over appellant and transfer his case to the general division for prosecution as an adult. On February 25, 2004, the juvenile court held a hearing, pursuant to Juv. R. 30(A), to determine if there was probable cause to believe appellant had committed an act which would be a felony if committed by an adult. Appellant stipulated as to age, date of birth and venue. The court found probable cause existed, and ordered an investigation pursuant to Juv. R. 30(B). On May 12 and 13, 2004, an amenability hearing was held and on May 13, 2004, the juvenile court relinquished jurisdiction of the case and transferred it to the docket of the Lucas County Court of Common Pleas, General Division. Appellant subsequently was indicted on two counts of rape in violation of R.C. 2907.02(A)(2) and (B). Appellant was referred for psychological evaluation and on September 1, 2004, the trial court found appellant competent to stand trial. On September 17, 2004, appellant withdrew his former plea of not guilty and entered a plea of no contest to one count of rape. The second rape count was nolled. The trial court accepted appellant's plea, made a finding of guilt, and referred the matter to the Court Diagnostic Treatment Center for an evaluation. On October 22, 2004, appellant was designated a sexually oriented offender and sentenced to four years imprisonment with a mandatory five years post-release control.
 {¶ 6} Pursuant to R.C. 2152.12(B), the juvenile court may transfer a case for criminal prosecution if the court finds all of the following: 1) the child was 14 years of age or older at the time of the act charged; 2) there is probable cause to believe the child committed the act charged; and 3) the child is not amenable to care or rehabilitation within the juvenile system and the safety of the community may require that the child be subject to adult sanctions. Additionally, in making its decision, the court is required to consider whether the applicable factors set forth under division (D) of R.C. 2152.12 indicating that the case should be transferred outweigh the applicable factors under division (E) of that sub-section indicating that the case should not be transferred.
 {¶ 7} Division (D) provides that the court shall consider the following factors, as well as any others, in favor of a transfer:
 {¶ 8} "(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm * * *.
 {¶ 9} "(2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.
 {¶ 10} "(3) The child's relationship with the victim facilitated the act charged.
 {¶ 11} "(4) The child allegedly committed the act charged for hire or as part of a gang or other organized criminal activity.
 {¶ 12} "(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged * * *.
 {¶ 13} "(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole * * *.
 {¶ 14} "(7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.
 {¶ 15} "(8) The child is emotionally, physically, or psychologically mature enough for the transfer.
 {¶ 16} "(9) There is not sufficient time to rehabilitate the child within the juvenile system."
 {¶ 17} Further, the trial court is required to consider the following factors set forth in division (E), which weigh against a transfer:
 {¶ 18} "(1) The victim induced or facilitated the act charged.
 {¶ 19} "(2) The child acted under provocation in allegedly committing the act charged.
 {¶ 20} "(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.
 {¶ 21} "(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur * * *.
 {¶ 22} "(5) The child previously has not been adjudicated a delinquent child.
 {¶ 23} "(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.
 {¶ 24} "(7) The child has a mental illness or is a mentally retarded person.
 {¶ 25} "(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security in the juvenile system provides a reasonable assurance of public safety."
 {¶ 26} As noted above, appellant stipulated to age and venue and the court found probable cause. At the second hearing, the juvenile court had only to consider the mental examinations along with the evidence presented in court and apply the criteria set forth in R.C. 2151.12(D) and (E) as set forth above.
 {¶ 27} The court heard the testimony of appellant's probation officer, Timothy Bauerschmidt, who testified probation had been unsuccessful, in large part because appellant frequently ran away. He further stated typical probation is expected to last nine months but appellant had been on probation since 1997. Bauerschmidt testified appellant was provided multiple services through Mountain Mentors and Connecting Point but was terminated from counseling in February 2003 because he was frequently "gone." He stated appellant complied with the requirements of the detention reporting center and home detention but electronic monitoring was unsuccessful because appellant cut off the bracelet and ran away. Appellant was also under surveillance at one time, which was unsuccessful because he frequently could not be found. Bauerschmidt further testified that there were various other services that would have been available to appellant had he not kept running away.
 {¶ 28} Dr. Gregory Forgac of the Court Diagnostic and Treatment Center testified he reviewed numerous documents and reports, interviewed appellant, and conducted a psychological examination. Dr. Forgac concluded appellant was mildly mentally retarded and functioned at a seven-year-old level in some areas. Dr. Forgac noted appellant has suffered from depression for several years. He concluded that factors weighing against transferring appellant are his mild mental retardation and lack of emotional, physical or psychological maturity. He further testified he believed appellant is still amenable to treatment within the juvenile system, that there is sufficient time to rehabilitate him within the juvenile system, and the level of security available in the juvenile system provides a reasonable assurance of public safety. He further concluded appellant needs to be in a controlled environment in order for rehabilitation to be successful.
 {¶ 29} In its judgment entry, the juvenile court found that appellant had 13 adjudications of delinquency since December 2001, including two for assault, one for unauthorized use of a motor vehicle and one for grand theft auto. The court also found appellant's history included a commitment to the Ohio Department of Youth Services that was stayed, unsuccessful completion of juvenile probation, unsuccessful completion of counseling at Connecting Point, unsuccessful community detention by surveillance, unsuccessful detention by electronic monitoring, and unsuccessful completion of a restitution program. The court also noted appellant was diagnosed with depression and borderline intellectual functioning in 2002, he does not take his anti-depressant medication consistently, he was provided with special education classes in school, and he was provided with remedial reading and other specialized learning assistance but did not attend school enough to be evaluated. The court also noted Dr. Forgac's conclusions as summarized above. As to factors in favor of a transfer, the court found (D) (1), (3), (6) and (7) existed, and further noted that scissors were allegedly used as a weapon. As to factors weighing against a transfer, the trial court found (E)(6) and (7) existed. The juvenile court concluded the factors in favor of transferring appellant outweighed the factors against a transfer, and found appellant not amenable to rehabilitation within the juvenile system. The court acknowledged that in reaching a conclusion different than that of the court-appointed psychologist, it considered appellant's "level of unwillingness and non-motivation" to engage in services offered to him.
 {¶ 30} The determination as to whether to relinquish jurisdiction lies within the juvenile court's sound discretion. State v. Watson (1989),47 Ohio St.3d 93. See, also, State v. Shreves, 6th Dist. No. L-02-1075, 2003-Ohio-2911; State v. Hopfer (1996), 112 Ohio App.3d 521, 535-536;State v. Stasher (May 11, 2001), Lucas App. No. L-00-1152. Accordingly, the test is not whether we would have reached the same result based upon the evidence in the record, but whether the juvenile court abused the substantial discretion vested in it. See Hopfer, supra. "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In the juvenile court's broad assessment, any one factor may carry more weight than other factors. Hopfer, supra. Further, "any evidence that reasonably supports the juvenile court's decision to relinquish jurisdiction will suffice to sustain that court's judgment." Hopfer, supra, at 536.
 {¶ 31} From our review of the record, we find the juvenile court soundly exercised its discretion when it decided to relinquish jurisdiction and permit the state to prosecute appellant as an adult. In this case, the juvenile court had before it a 16-year-old young man charged with raping a woman he knew after she let him into her home to get warm. The court's judgment entry indicates it carefully considered all of the factors set forth in R.C. 2152.12, including appellant's limited cognitive abilities and his mental retardation. The nature and severity of the alleged rape suggest that appellant could pose a threat to the community even beyond his twenty-first birthday. In light of the violent nature of the offense charged and appellant's history of noncompliance with attempts at rehabilitation throughout his involvement with the juvenile court, we are unable to find the juvenile court's decision that appellant would not be amenable to rehabilitation in the juvenile justice system was unreasonable, arbitrary or unconscionable. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 32} In his second assignment of error, appellant asserts the trial court erred by sentencing him to a term greater than the minimum. Appellant argues that pursuant to Blakely v. Washington (2004),542 U.S. 296, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be found by a jury or admitted by the defendant. However, this court has held that the Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and that Blakely applies only when the maximum sentence in the available range for an offense has been exceeded, which does not occur under Ohio law. See State v. Curlis, 6th Dist. No. WD0-4-032,2005-Ohio-1217. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 33} On consideration whereof, this court finds that appellant was not prejudiced and the judgments of the Lucas County Court of Common Pleas, Juvenile Division, and the Lucas County Court of Common Pleas, General Division, are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., Concur.