[Cite as *State v. Roberson*, 2021-Ohio-3162.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRISTOPHER ROBERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 JE 0005**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 2018-DL-081, 19 CR 157

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Jane M. Hanlin*, Prosecutor, *Atty. Samuel A. Pate,* Assistant Prosecutor, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee and

*Atty. Charles D. Amato*, 991 Main Street, Wellsville, Ohio 43968, for Defendant-Appellant.

Dated:
September 6, 2021

**Donofrio, J.**

{¶1} Defendant-appellant, Christopher Roberson, appeals from a Jefferson County Juvenile Division judgment binding him over as an adult to the General Division of the Common Pleas Court on charges of attempted murder, felonious assault, carrying a concealed weapon, possession of cocaine, and having a weapon while under a disability.

{¶2} A complaint was filed against appellant in juvenile court on September 21, 2018, alleging that appellant committed acts that would constitute felonies if committed by an adult. These alleged acts would have constituted attempted murder and felonious assault, with firearm specifications. Appellant was 15 years old at the time the acts were committed. The complaint was later amended to add acts that would constitute carrying a concealed weapon, possession of drugs, and having weapons while under a disability,

{¶3} On June 14, 2019, appellant was apprehended and placed in detention by the Steubenville Police Department.

{¶4} On June 18, 2019, plaintiff-appellee, the State of Ohio, filed a motion asking the juvenile court to relinquish jurisdiction to the general division of the common pleas court.

{¶5} The juvenile court held a probable cause hearing on July 18, 2019. It found probable cause for each of the charges.

{¶6} Next, the juvenile court held an amenability hearing on October 1, 2019. The court heard evidence from the psychologist who interviewed appellant and took documentary evidence from both parties. The court then analyzed the matter pursuant to R.C. 2152.12(B). Pursuant to the statute, the court found that appellant was 15 years old both at the time of the acts charged and at the time of the hearing. It noted that it had already found probable cause to believe appellant committed the acts charged at the probable cause hearing. The court then went on to analyze the statutory factors in detail in favor of and against transfer to the general division. It concluded that appellant was not amenable to care or rehabilitation in a facility designed for the care and rehabilitation of delinquent children. Additionally, it found the safety of the community required that

Case No.20 JE 0005

appellant be subject to adult sanctions. The court found that the factors in favor of transfer outweighed the factors against transfer. Therefore, the juvenile court ordered the matter transferred to the general division of the common pleas court.

{¶7} A Jefferson County Grand Jury subsequently indicted appellant on one count of attempted murder, a first-degree felony in violation of R.C. 2923.02(A), with a firearm specification; one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2), with a firearm specification; one count of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2); one count of possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(4)(a); and one count of having weapons under a disability, a third-degree felony in violation of R.C. 2923.13(A)(1). Appellant initially entered a not guilty plea.

{¶8} Subsequently, after negotiations with the state, appellant entered into a plea agreement. Pursuant to the agreement, the state dismissed the attempted murder charge and amended the felonious assault charge to a charge of aggravated assault. Appellant then entered a guilty plea to the amended charges. The trial court accepted appellant's plea and proceeded to sentencing.

{¶9} The trial court sentenced appellant to 12 months for aggravated assault, three years for the firearm specification, 12 months for carrying a concealed weapon, 12 months for possession of drugs, and 12 months for having weapons while under a disability. The court ordered the aggravated assault sentence and the firearm sentence to be served consecutive to each other and to the other sentences. It ordered the other three sentences to be served concurrent with each other. So appellant's aggregate sentence was five years.

{¶10} Appellant filed a timely notice of appeal on February 28, 2020. He now raises a single assignment of error.

{¶11} Appellant's sole assignment of error states:

THE TRIAL COURT/JUVENILE COURT ERRED BY BINDING-OVER/TRANSFERRING THE CASE FROM JUVENILE COURT AND ALLOWING THE PROCEEDINGS TO TAKE PLACE IN THE JEFFERSON COUNTY COURT OF COMMON PLEAS WITH APPELLANT BEING TRIED AS AN ADULT.

{¶12}    Appellant argues the juvenile court should not have bound him over to the general division of the common pleas court.    Appellant then cites to R.C. 2152.12(A)(1)(a), which provides:

(A)(1)(a) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult, the juvenile court at a hearing shall transfer the case if either of the following applies:

(i) The child was sixteen or seventeen years of age at the time of the act charged and there is probable cause to believe that the child committed the act charged.

(ii) The child was fourteen or fifteen years of age at the time of the act charged, section 2152.10 of the Revised Code provides that the child is eligible for mandatory transfer, and there is probable cause to believe that the child committed the act charged.

{¶13}    Appellant points out that at the time the offense was committed he was 15 years old.  He then focuses on R.C. 2152.12(A)(1)(a)(ii).  Under that section, appellant asserts that the only possible basis for transfer is under R.C. 2152.10(A)(1)(b), which provides:

(A) A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances:

(1) The child is charged with a category one offense and either of the following apply:

* * *

(b) The child was fourteen or fifteen years of age at the time of the act charged and previously was adjudicated a delinquent child for

committing an act that is a category one or category two offense and was committed to the legal custody of the department of youth services upon the basis of that adjudication.

**{¶14}** Appellant asserts that upon a closer look, this section does not apply to him because he was never committed to the legal custody of youth services upon the basis of an adjudication. Thus, he concludes that the juvenile court was not under an obligation of mandatory transfer.

**{¶15}** Initially, we must point out that the transcript of the proceedings in the juvenile court was not filed. The transcripts that we have include the arraignment, pretrial, and combined plea and sentencing hearing, all of which occurred in the general division of the common pleas court after appellant was bound over. Because we do not have the transcript from the amenability hearing, we must presume the validity of the juvenile court's factual findings.

**{¶16}** A juvenile court enjoys wide latitude to retain or relinquish jurisdiction, with the ultimate decision lying in its sound discretion. *State v. Watson*, 47 Ohio St.3d 93, 95, 547 N.E.2d 1181 (1989). A decision regarding a bindover should not be reversed absent an abuse of discretion. *State v. Golphin*, 81 Ohio St.3d 543, 546, 692 N.E.2d 608 (1998). Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶17}** As the state points out, in this case appellant was subject to discretionary transfer, not mandatory transfer. Appellant's argument is misplaced as it focuses on R.C.2152.12(A), which deals with mandatory transfer. The applicable statutory section is R.C. 2152.12(B), which deals with discretionary transfer. It provides:

(B) Except as provided in division (A) of this section, after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:

Case No.20 JE 0005

(1) The child was fourteen years of age or older at the time of the act charged.

(2) There is probable cause to believe that the child committed the act charged.

(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.

R.C. 2152.12(B).

{¶18}　After the juvenile court has found the juvenile was 14 years or older at the time of the act charged and that there was probable cause to believe that the juvenile committed the act charged, it must weigh the factors for and against transfer in determining whether the juvenile is amenable to care or rehabilitation in the juvenile system and considering the safety of the community.

{¶19}　The juvenile court shall consider the following factors in favor of transfer:

(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.

(2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.

(3) The child's relationship with the victim facilitated the act charged.

(4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.

(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

R.C. 2152.12(D).

{¶20} The juvenile court shall consider the following factors against transfer:

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

Case No.20 JE 0005

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or intellectual disability.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

R.C. 2152.12(E).

{¶21} The juvenile court in this case addressed each of the applicable statutory factors in reaching its decision. The court found the following regarding the factors in favor of transfer. It was fair to infer that both victims suffered some psychological harm by virtue of the fact that they were in a vehicle when it was struck by gunfire by appellant (R.C. 2152.12(D)(1)). Strong evidence supports a finding that the shooting was due to gang activity, with the intended victim being a member of a rival gang (R.C. 2152.12(D)(4)). Appellant and his brother (and co-defendant) fired shots from guns in their possession at two people in a motor vehicle (R.C. 2152.12(D)(5)). Appellant had been adjudicated delinquent on a prior occasion in Franklin County, was on probation in Jefferson County at the time of the offenses, and has had numerous probation violations (R.C. 2152.12(D)(6)). Dr. Thomas Gazley, the doctor who examined appellant, opined that appellant would benefit from a structured, therapeutic, heavily consequence-oriented treatment environment, which the juvenile justice system might be able to offer (R.C. 2152.12(D)(7)). Dr. Gazley stated that appellant is not intellectually disabled, has average verbal intelligence, understands the nature and objective of the legal process, and has the capacity to assist in his defense (R.C. 2152.12(D)(8)). The court received conflicting evidence as to whether there was sufficient time to rehabilitate appellant within the juvenile system. The state emphasized the safety of the community and appellant's repeated probation violations while Dr. Gazley opined that appellant could possibly be rehabilitated in the juvenile system (R.C. 2152.12(D)(9)).

{¶22} The court found the following regarding the factors weighing against transfer. There is an allegation that the intended victim had previously shot at appellant and his brother; however, at the time of this incident, the victim was simply riding in a car

(R.C. 2152.12(E)(2)). Appellant was one of the principal actors (R.C. 2152.12(E)(3)). While no injury occurred to the intended victim, there was clearly an attempt to cause serious physical harm to the intended victim and appellant's actions could have resulted in serious physical harm to an unintended victim (R.C. 2152.12(E)(4)). Appellant does not suffer from any mental illness (R.C. 2152.12(E)(7)).

{¶23} After analyzing all of these factors, the court found that appellant and his brother fired multiple shots at two individuals in a motor vehicle. The shooting was a premeditated, planned act as part of gang activity. Appellant has multiple family members who are engaged in criminal activity. Appellant understands the nature of the legal proceedings and has the capacity to aid in his defense. Appellant absconded from the court's jurisdiction and remained a fugitive for nine months during which time he did not attend school. When he was apprehended, appellant had a loaded firearm and 13 baggies of cocaine on his person. While he was on the run, appellant travelled between Cleveland, Columbus, and Steubenville, Ohio and Pittsburgh, Pennsylvania. Appellant has been on community control since 2016, and has engaged in repeated and escalating criminal activity.

{¶24} Based on all of the above, the juvenile court determined that appellant is not amenable to care or rehabilitation in a juvenile facility and that the safety of the community requires that he is subject to adult sanctions.

{¶25} The juvenile court thoroughly considered and weighed all of the relevant factors in deciding to transfer jurisdiction. And without a transcript of the amenability hearing, we can presume that the court's factual findings are valid. There is no indication that the juvenile court abused its discretion in transferring jurisdiction to the general division of the common pleas court.

{¶26} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶27} For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, J., concurs.

D'Apolito, J., concurs.


Case No.20 JE 0005

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**