**The STATE of Ohio, Appellee,**

v.

**LOPEZ, Appellant.**

[Cite as State v. Lopez (1996), 112 Ohio App.3d 659.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006218.

Decided July 17, 1996.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Locke–Graves,* Assistant Prosecuting Attorney, for appellee.

*Stephen List,* for appellant.

REECE, Presiding Judge.

Appellant, Carlos Lopez, appeals from his convictions in the adult division of the Lorain County Court of Common Pleas for aggravated burglary and felonious assault. We affirm.

## I

Carlos Lopez was born on August 2, 1979. On January 17, 1995, at the age of fifteen he broke into the home of Frank Gergely in Sheffield Lake, Ohio. He beat Gergely, a seventy-seven-year-old man, during the break-in. Both his nose and his right orbit were fractured. Additionally, Gergely sustained other facial lacerations, contusions, and abrasions.

On January 25, 1995, the prosecutor initiated proceedings to transfer Lopez's case to the adult division of the court of common pleas. Lopez waived his right to a probable cause hearing, and on March 30, 1995, the juvenile court conducted a hearing to determine if Lopez was amenable to the rehabilitative processes available in the juvenile system. On March 31, 1995, the court ordered Lopez bound over to be tried as an adult. Lopez then pleaded guilty to aggravated burglary and felonious assault and was sentenced to a term of incarceration for eight to twenty-five years. This appeal followed.

## II

In his sole assignment of error, Lopez claims that the trial court erred in considering the nature of his crime when determining whether he should be tried as an adult. Regarding the specific act which brought the juvenile before the court for an amenability hearing, Lopez asserts that the juvenile court may consider only whether the child could mentally or physically commit the act; it may not consider "the heinous nature of the crime allegedly committed." This contention is incorrect.

A juvenile court may bind a child over as an adult if there is probable cause to believe that the child committed an act which would constitute a felony if committed by an adult, the child was at least fifteen years old at the time of the crime, and there are reasonable grounds to believe that the child is not amenable to the rehabilitation processes offered by the juvenile court and the safety of the community may require that the child be placed under legal constraint for a period beyond the age of majority. R.C. 2151.26(A); Juv.R. 30. As there is no question Lopez was fifteen at the time of the incident at issue, the crimes charged are both felonies, and a probable cause determination was waived, the only determination to be made by the juvenile court was Lopez's amenability to rehabilitation.

In determining whether a child is amenable to treatment or the rehabilitative processes available in the juvenile system, the juvenile court must consider the following:

"(1) The child's age and mental and physical condition;

"(2) The child's prior juvenile record;

"(3) Efforts previously made to treat or rehabilitate the child;

"(4) The child's family environment;

"(5) The child's school record;

"(6) The specific facts relating to the offense for which probable cause was found, to the extent relevant to the child's physical or mental condition." Juv.R. 30(F).

Additionally, the court shall consider, if applicable, that the act alleged is one of violence and that the victim was aged sixty-five or older as factors in favor of trial as an adult. R.C. 2151.26(B)(1).

It is not necessary that the court resolve each of the factors listed in Juv.R. 30(F) against the juvenile in order to bind him over. See *State v. Douglas* (1985), 20 Ohio St.3d 34, 36–37, 20 OBR 282, 284–285, 485 N.E.2d 711, 712–713 (construing former Juv.R. 30[E], now Juv.R. 30[F] ). Nor is the juvenile court bound by expert opinions in determining whether the child is amenable to rehabilitation. *State v. Williams* (Nov. 6, 1991), Lorain App. No. 91CA005054, unreported, at 7, 1991 WL 231496. The juvenile court enjoys wide latitude in determining whether to relinquish jurisdiction of the juvenile, and its ultimate decision will not be reversed absent an abuse of discretion. *State v. Watson* (1989), 47 Ohio St.3d 93, 95, 547 N.E.2d 1181, 1183–1184.

Lopez argues that in making its determination, the juvenile court improperly considered the testimony of an arresting officer as to the violent nature of the crime. However, the Supreme Court of Ohio has held that the juvenile court may consider the seriousness of the alleged offense in determining whether the child should be tried as an adult. *Id.* In *Watson,* the court employed the following reasoning:

"Rule 30 calls for a broad assessment of individual circumstances. Mechanical application of a rigidly defined test would not serve the purposes of the public or the juvenile. Further, reduction of the bindover decision to a formula would constrain desirable judicial discretion. We agree with appellant that Rule 30(E) [now Rule 30(F) ] requires consideration of all the listed factors, but we discern nothing in the rule, or in the policy it serves, which prohibits consideration of other relevant factors.

"The seriousness of the alleged act is relevant to 'the assessment of the probability of rehabilitating the child within the juvenile justice system' for a number of reasons.

" * * * *

"[T]he nature of the alleged act is usually relevant to the child's mental health, a factor which the court must also consider * * *. Generally the greater the culpability of the offense, the less amenable will the juvenile be to rehabilitation. In making the bindover decision, it would not be logical, or consistent with Rule 30(E) [now Rule 30(F) ], to consider the juvenile's past record but ignore the act which has brought the juvenile to court. Accordingly, we hold that in deciding

whether to relinquish jurisdiction over a child, a juvenile court may consider the seriousness of the alleged offense * * *." *Id.* at 95–96, 547 N.E.2d at 1184.

Lopez now asks us to disregard the same type of evidence that the Supreme Court utilized in deciding *Watson.*

Lopez contends that the post-*Watson* amendment to Juv.R. 30, which added to Juv.R. 30(F) (former Juv.R. 30[E] ) the sixth factor to be considered in determining amenability, somehow limited the *Watson* decision to a consideration of the nature of the offense only as it relates to the juvenile's physical or mental capability to commit the alleged act. However, the Staff Note to Juv.R. 30, as amended in July, 1994, state:

"Juvenile courts may now consider the specific facts relating to the offense for which probable cause was found, to the extent relevant to the child's mental or physical condition, along with the other criteria specified in Juv.R. 30. While there is a danger that taking note of the facts surrounding a particularly heinous crime could prejudice a court's deliberations on the rehabilitation question, the Supreme Court of Ohio approved a court's ability to consider the totality of the circumstances which have brought the juvenile before the court in *State v. Watson* (1989), 47 Ohio St.3d 93 [547 N.E.2d 1181]."

We fail to see how Juv.R. 30(F)(6) limits the scope of the decision in *Watson.* The rule specifically states that details of the incident bringing the juvenile before the court shall be considered in determining "the child's physical or mental *condition,*" as it relates to amenability. (Emphasis added.) The rule does not, as Lopez suggests, limit the consideration of such details to a determination of the child's *capability* to commit the alleged act. The child's capability to commit the act charged is unrelated to and separate from the child's potential responsiveness to the treatment and rehabilitative processes available to the juvenile court. The child's physical or mental capability to commit the act is a factor to be considered in determining probable cause and guilt, rather than in determining the likelihood of rehabilitation in the juvenile system. Therefore, we hold the juvenile court did not err in admitting testimony concerning the violent nature of Lopez's actions on January 17, 1995.

Accordingly, Lopez's sole assignment of error is overruled.

### III

The order of the juvenile court transferring Carlos Lopez to the adult division of the court of common pleas and his subsequent convictions and sentence are affirmed.

*Judgment affirmed.*

DICKINSON and SLABY, JJ., concur.