[Cite as *State v. Howard*, 2018-Ohio-1863.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27198 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-2123 |
| | : | |
| DEONTAE HOWARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of May, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BROCK A. SCHOENLEIN, Atty. Reg. No. 0084707, 371 West First Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Deontae Howard, appeals from his conviction and sentence in the Montgomery County Court of Common Pleas after he pled no contest to two counts of robbery.   In support of his appeal, Howard argues that the trial court lacked jurisdiction to adjudicate his criminal charges because his case was invalidly transferred from the trial court's juvenile division.   Specifically, Howard contends that the juvenile court abused its discretion in transferring his case to adult criminal court because it failed to sufficiently identify its reasoning for finding him unamenable to care and rehabilitation in the juvenile justice system.   For the reasons outlined below, the judgment of the juvenile court and Howard's conviction in the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In the spring of 2014, when he was 17 years old,[1] Howard was charged as a juvenile delinquent in the Montgomery County Court of Common Pleas, Juvenile Division, for conduct that would amount to second-degree-felony robbery if committed by an adult.   The charges arose after it was alleged that Howard took part in a version of the "knock out game" that had recently been sensationalized on social media.   As part of this "game," Howard had a friend video record him with a cell phone camera while he attacked two homeless men on two separate occasions.   During the first attack, Howard struck the victim on the back of the head and continued striking the victim as the victim attempted to run away.   Howard also demanded the victim's money and cell phone, and took the only money the victim had, a total of $3.00.   Less than a month later, Howard

---

[1] Howard is now 21 years old.

engaged in another attack upon a different homeless man, knocking the victim to the ground, kicking him, and stealing his cellphone and bus pass.

{¶ 3} On April 18, 2014, after the robbery charges were filed in juvenile court, Howard appeared at court and waived his right to a probable cause hearing. In doing so, Howard stipulated that the facts alleged in the juvenile complaint were sufficient to find the existence of probable cause to believe he had committed the robbery offenses. As a result, the juvenile court found the existence of probable cause and scheduled the matter for an amenability hearing in order to determine whether Howard's case should be transferred to adult criminal court.

{¶ 4} For purposes of the amenability hearing, the juvenile court ordered Howard to undergo a psychological examination and for the probation department to prepare a Disposition Investigation Report ("DIR") on Howard's social history. The DIR and the report of the psychological examination contained information regarding Howard's mental and physical health, family history, academic and behavioral record, and his robbery offenses. The psychological report also provided the results of Howard's clinical interview and psychological testing.

{¶ 5} Once the reports were prepared, an amenability hearing was held before the juvenile court on June 9, 2014. At this hearing, the juvenile court indicated that it had received and reviewed the DIR and psychological reports. The juvenile court also heard testimony from Howard's high school principal, who testified regarding Howard's academic and disciplinary issues.

{¶ 6} After hearing all the evidence, the juvenile court made a finding under each factor in R.C. 2152.12(D) and (E). Based on those statutory findings, the information in

the DIR and psychological reports, and the "heinous nature of the charge," the juvenile court found that Howard was not amenable to care or rehabilitation in the juvenile justice system. As a result, the juvenile court issued an order and entry transferring Howard's case to adult criminal court. In the entry, the juvenile court identified the reports it considered and listed each of the findings it had made under R.C. 2152.12(D) and (E). The entry also noted that the juvenile court considered "the child's age, his social history, mental examination, prior Juvenile Court record, previous efforts to treat or rehabilitate, family environment, school records, and the seriousness of the alleged offenses." Order and Entry Granting Motion to Relinquish Jurisdiction and Transfer to General Division (June 11, 2014), Montgomery County Court of Common Pleas Juvenile Division Case No. 2014-2297.

{¶ 7} Following the transfer of his case to adult criminal court, Howard was indicted on two second-degree-felony counts of robbery. On August 26, 2014, Howard pled no contest to both counts. After accepting Howard's no contest pleas and finding him guilty, the trial court sentenced Howard to four years in prison. Howard then appealed to this court arguing that his conviction was void because the transfer of his case from juvenile court was in error.

{¶ 8} On appeal, we concluded that the juvenile court "failed to identify its reasoning for reaching its finding that [Howard] could not be rehabilitated in the juvenile system sufficiently to permit us to conduct a meaningful appellate review of its decision." *State v. D.H.*, 2d Dist. Montgomery No. 26383, 2015-Ohio-3259, ¶ 2. In so holding, we reversed Howard's judgment of conviction and remanded the matter to the juvenile court for reconsideration of its decision to relinquish jurisdiction. *Id.* Following that decision,

the State appealed to the Supreme Court of Ohio, which declined to review the appeal. *State v. D.H.*, 144 Ohio St.3d 1477, 2016-Ohio-467, 45 N.E.3d 244.

**{¶ 9}** On remand from this court, the juvenile court once again determined that Howard was not amenable to care and rehabilitation in the juvenile justice system. As a result, on March 9, 2016, the juvenile court issued an entry transferring Howard's case to adult criminal court. Howard then appealed from the transfer decision in this court. In response, the State filed a motion to dismiss Howard's appeal for lack of a final appealable order. After taking the matter under advisement, we concluded that juvenile court transfers are not final appealable orders and granted the State's motion to dismiss. *In re D.H.*, 2016-Ohio-5265, 69 N.E.3d 127 (2d Dist.). Howard then appealed to the Supreme Court of Ohio, which granted jurisdiction to review his appeal. *In re D.H.*, 147 Ohio St.3d 1505, 2017-Ohio-261, 67 N.E.3d 823.

**{¶ 10}** While Howard's appeal in the Supreme Court was pending, the juvenile court proceeded with transferring Howard's case to adult criminal court where he was reindicted on the same two counts of robbery. Thereafter, on July 5, 2016, Howard entered no contest pleas to both counts of robbery, which the trial court accepted prior to sentencing him to four years in prison. Howard then appealed from his conviction; however, we stayed the appeal pending the Supreme Court's ruling on the final appealable order issue. Decision and Entry (Feb. 22, 2017), 2d Dist. Montgomery App. Case No. 27198.

**{¶ 11}** On January 4, 2018, the Supreme Court of Ohio issued a decision affirming our dismissal of Howard's appeal after finding that a juvenile court's order transferring jurisdiction to adult criminal court is not a final appealable order. *In re D.H.*, Sup. Ct. Slip

Opinion No. 2018-Ohio-17, ¶ 22. As a result of that decision, we lifted the stay on Howard's appeal from his 2016 conviction. Decision and Entry (Jan. 10, 2018), 2d Dist. Montgomery App. Case No. 27198. Accordingly, Howard's appeal is now properly before this court for review.

**Assignment of Error**

{¶ 12} In support of his appeal, Howard raises the following single assignment of error for review.

THE JUVENILE COURT ERRED, FOR THE SECOND TIME, IN RELINQUISHING JURISDICTION TO THE COURT OF COMMON PLEAS AND THUS THE COMMON PLEAS PROCEEDINGS THERE WERE AGAIN VOID AB INITIO.

{¶ 13} Under his sole assignment of error, Howard contends that the juvenile court's decision on remand transferring his case from juvenile court to adult criminal court was an abuse of discretion. Specifically, Howard claims that the juvenile court simply reiterated its prior transfer decision and that the court once again failed to identify its reasoning for finding Howard unamenable to care and rehabilitation in the juvenile justice system. We disagree.

*Standard of Review*

{¶ 14} Discretionary transfer proceedings from juvenile court to the general division of common pleas court are reviewed for an abuse of discretion. *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 14; *State v. Watson*, 47 Ohio St.3d

93, 95, 547 N.E.2d 1181 (1989). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 15} Under this standard, a juvenile court " 'enjoys wide latitude to retain or to relinquish jurisdiction.' " *State v. Johnson*, 2015-Ohio-96, 27 N.E.3d 9, ¶ 36 (8th Dist.), quoting *Watson* at 95; *State v. Carmichael*, 35 Ohio St.2d 1, 298 N.E.2d 568 (1973), paragraph one of syllabus. "As long as the court considers the appropriate statutory factors and there is some rational basis in the record to support the court's findings when applying those factors, we cannot conclude that the trial court abused its discretion in deciding whether to transfer jurisdiction." *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.), citing R.C. 2152.12(B), *Watson* at 95-96, *State v. Douglas*, 20 Ohio St.3d 34, 36-37, 485 N.E.2d 711 (1985), and *State v. Hopfer*, 112 Ohio App.3d 521, 535-536, 679 N.E.2d 321 (2d Dist.1996).

{¶ 16} We further note that "the test is not whether we would have reached the same result upon the evidence before the juvenile court; the test is whether the juvenile court abused the discretion confided in it." *Hopfer* at 535. "If there is some rational and factual basis to support the [juvenile] court's decision, we are duty bound to affirm it regardless of our personal views of the evidence." *West* at ¶ 10. "After all, the juvenile court judge is personally familiar with both the juvenile system and the individual juvenile, and is therefore in a superior position to make a determination whether the juvenile is amenable to care or rehabilitation within the juvenile system." *State v. Drane*, 2d Dist. Montgomery No. 23862, 2012-Ohio-1978, ¶ 34 (Fain, J., dissenting).

*Discretionary Transfer Factors and Analysis*

{¶ 17} The discretionary transfer of cases from juvenile court to adult criminal court is governed by R.C. 2152.12(B). Pursuant to that statutory provision, a juvenile case may be transferred to adult criminal court if the juvenile court finds: "(1) The child was fourteen years of age or older at the time of the act charged[;] (2) There is probable cause to believe that the child committed the act charged[; and] (3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. * * * " R.C. 2152.12(B)(1)-(3).

{¶ 18} In this case, there is no dispute that Howard satisfies the age and probable cause requirements set forth in R.C. 2152.12(B)(1) and (2). The only issue is whether the trial court abused its discretion in determining that Howard was not amenable to care or rehabilitation within the juvenile justice system.

{¶ 19} When determining whether a juvenile is not amenable to care or rehabilitation, the juvenile court is required to consider whether the relevant factors under R.C. 2152.12(D), which indicate that the case should be transferred, outweigh the relevant factors under R.C. 2152.12(E), which indicate that the case should not be transferred. R.C. 2152.12(B)(3). "Additionally, aside from the specifically enumerated factors, the juvenile court is instructed to consider 'any other relevant factors.' " (Citation omitted.) *Johnson*, 2015-Ohio-96, 27 N.E.3d 9 at ¶ 35, quoting R.C. 2152.12(D) and (E).

{¶ 20} Pursuant to R.C. 2152.12(D), the following factors weigh in favor of transferring the case to the general division of common pleas court:

(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.

(2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.

(3) The child's relationship with the victim facilitated the act charged.

(4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.

(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

{¶ 21} Pursuant to R.C. 2152.12(E), the following factors weigh against transferring the case to the general division of common pleas court:

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or is a mentally retarded person.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶ 22} "The record shall indicate the specific factors that were applicable and that the court weighed." R.C. 2152.12(B)(3). "Further, when the trial court determines a transfer is proper, the juvenile court 'shall state the reasons for the transfer on the record.' " *Johnson*, 2015-Ohio-96, 27 N.E.3d 9 at ¶ 35, citing R.C. 2152.12(I) and Juv.R. 30(G).

{¶ 23} In *D.H.*, 2d Dist. Montgomery No. 26383, 2015-Ohio-3259, this court held that it was unable to review whether the transfer of Howard's case to adult criminal court was an abuse of discretion because the juvenile court failed to identify its reasoning for

finding that Howard was unamenable to care or rehabilitation in the juvenile system. *Id.* at ¶ 2. In so holding, this court explained that the juvenile court's entry did "not identify which of the reports and records reviewed by the psychologist were also reviewed and considered by the court." *Id.* at ¶ 17. Although the parties stipulated to the contents of the psychologist's report, this court also found that "no exhibits or documentary evidence was admitted in evidence at the amenability hearing." *Id.* We also found that the court did "not identify or discuss what programs are, or are not, available in the juvenile justice system to satisfy the child's health needs, as identified in the psychologist's report." *Id.* We further found that the trial court did "not make any specific findings about the child's educational deficiencies, and [did] not identify what programs are, or are not available in the juvenile justice system to meet D.H.'s educational needs." *Id.* In so holding, this court stated that: "The record reveals that [Howard's] age at the time of the amenability hearing would have given him more than 3 years for rehabilitation in the juvenile system, and yet the juvenile court's findings contain no discussion of what rehabilitation goals can, or cannot, be accomplished in the juvenile system in a 3-year period, or what programs are, or are not available in the juvenile system to accomplish these goals." *Id.*

{¶ 24} Since our decision in *D.H.* other appellate districts have commented that, "[w]hile we agree that a court needs to genuinely consider the [R.C. 2152.12(D) and (E)] factors, and the record needs to reflect that fact consistent with R.C. 2152.12(B)(3), we have never gone so far as the Second District in directing the juvenile court's analysis." *State v. Reeder*, 2016-Ohio-212, 57 N.E.3d 458, ¶ 18 (10th Dist.); *State v. Blair*, 5th Dist. Stark No. 2016CA00180, 2017-Ohio-5865, ¶ 39; *In re D.M.*, 6th Dist. Lucas Nos. L-16-1237, L-16-1238, L-16-1270, 2017-Ohio-8768, ¶ 47. Instead, many of those courts have

reiterated that " '[a]s long as the court considers the appropriate statutory factors and there is some rational basis in the record to support the court's findings when applying those factors, we cannot conclude that the [juvenile] court abused its discretion in deciding whether to transfer jurisdiction.' " *Blair* at ¶ 40, quoting *West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285 at ¶ 10; *D.M.* at ¶ 47, quoting *Blair* and *West*.

**{¶ 25}** Nevertheless, after a thorough review of the record, we find that the juvenile court's decision on remand transferring jurisdiction to the adult criminal court in this case passes muster, as the juvenile court not only weighed the statutory factors in R.C. 2152.12(D) and (E), but also provided detailed reasons in its entry for why it found Howard unamenable to rehabilitation and care in the juvenile justice system.

**{¶ 26}** As for the statutory factors, the juvenile court found five factors weighing in favor of transfer under R.C. 2152.12(D) (1), (2), (7), (8) and (9), and only one factor weighing against transfer under R.C. 2152.12(E)(5). Under factor (E)(5), the juvenile court found that Howard had not been adjudicated a juvenile delinquent in the past; however, it should be noted that the parties stipulated to Howard having a charge of first-degree misdemeanor theft that was handled unofficially by the juvenile court.

**{¶ 27}** Under factors (D)(1) and (2), the juvenile court found that Howard's victims suffered physical or psychological harm and that said harm was exacerbated by the victims' physical or psychological vulnerability or age. This finding is supported by the record, which indicates that Howard punched and kicked the victims repeatedly during his unprovoked attacks, and that the victims were vulnerable in that they were both homeless with one being an older man.

**{¶ 28}** Under factor (D)(8), the juvenile court found that Howard is emotionally,

physically, and psychologically mature enough for transfer. This finding is supported by the record as the DIR and psychological reports indicate that Howard is physically large, being 5'10" and 215lbs, with a low to average I.Q. The record indicates that Howard has not been diagnosed as mentally challenged to the extent he qualifies for MR/DD services. While the record indicates that Howard suffers from Attention Deficit Hyperactivity Disorder, which impacts his learning and qualifies him for special education, the record indicates that Howard's educational deficiencies are largely due to his failure to attend class and take school seriously. With regards to his emotional functioning, the psychological report indicates that Howard has minimal concern about his past actions, that he lacks self-insight, tends to deny or minimize his difficulties, and that he is motivated to maintain the status quo.

{¶ 29} Under factors (D)(7) and (D)(9), the juvenile court found that the results of Howard's prior juvenile sanctions and programs indicate that rehabilitation is not likely to occur and that there is insufficient time to rehabilitate Howard within the juvenile system. In relation to these factors, the juvenile court specifically found that Howard was not amenable to care and rehabilitation in the juvenile justice system because Howard failed to make any progress in changing his negative behavior despite receiving various services from the juvenile court, Family Services, and his school district.

{¶ 30} In its entry, the juvenile court explained that Howard had previously received theft prevention education through the court, which the record indicates was provided as a result of Howard's unofficial theft charge. The juvenile court also indicated that Howard took part in other court programs such as Diversion community service. The court further indicated that Howard was placed on electronic home monitoring, which the record

indicates Howard violated on two occasions.

{¶ 31} The juvenile court also discussed the services Howard received from Family Services as recommended by the juvenile court's Intervention Center. According to the court, in 2013, Family Services screened and diagnosed Howard with Conduct Disorder, Attention Deficit Hyperactivity Disorder, and Parent/Child Relational Problem, for which he received monthly counseling sessions until March of 2014, which is the time of the robbery offenses in question. The juvenile court noted that the counseling sessions were supposed to help Howard understand his thoughts and how they are affecting his behaviors.

{¶ 32} In addition to the services provided by the juvenile court and Family Services, the juvenile court identified the services offered to Howard through his school district. According to the juvenile court, and as confirmed by the testimony of Howard's high school principal, the school district provided Howard with counseling, progressive discipline, and an escort to walk with him at school so he would not skip class or leave school grounds. The juvenile court found that despite these measures, Howard continued to skip class and leave school without permission, "amassing more disciplinary referrals during the 2013-2014 school year than any other student in the entire Dayton Public School District." [Entry] On Remand Motion to Relinquish Jurisdiction and Transfer to General Division (Mar, 9, 2016), Montgomery County Court of Common Pleas Juvenile Division Case No. 2014-2297, p. 3. The testimony of Howard's principal indicated that Howard was expelled as a freshman after more than 40 incidents of skipping class and leaving the building during school hours. Howard was also disciplined for coming to school smelling of marijuana. The juvenile court noted that it was troubled

by Howard's "total failure to avail himself of any of the aid offered to him through the educational system and his consistent and escalating disregard for the educational system, both disciplinarily and academically." *Id.*

**{¶ 33}** The juvenile court also found that it only "had little more than three years to rehabilitate [Howard], whose increasingly delinquent behavior provides absolutely no indication that [he] would respond positively to rehabilitation." *Id.* With regard to Howard's increased delinquent behavior, the juvenile court noted that Howard's second robbery offense had increased in severity and violence as compared to his first offense. We note that "Ohio courts have repeatedly recognized that '[t]he more serious the offense, the less amenable the juvenile will be to rehabilitation in the juvenile system.' " *Johnson*, 2015-Ohio-96, 27 N.E.3d 9 at ¶ 43, quoting *West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285 at ¶ 24, citing *Watson*, 47 Ohio St.3d 93 at 95, 547 N.E.2d 1181, and *State v. Lopez*, 112 Ohio App.3d 659, 662, 679 N.E.2d 1155 (9th Dist.1996). The juvenile court also considered that Howard's only remorse for his offenses was that one of the victims was old.

**{¶ 34}** Although the juvenile court may not have touched on all the information this court found lacking in *D.H.*, 2d Dist. Montgomery No. 26383, 2015-Ohio-3259, we nevertheless find that the juvenile court's transfer decision on remand was not an abuse of discretion. We reach this decision because the juvenile court weighed the required statutory factors and provided specific reasons for finding Howard unamenable to care and rehabilitation in the juvenile justice system, all of which were rationally supported by the record. Accordingly, Howard's sole assignment of error is overruled.

## Conclusion

**{¶ 35}** Having overruled Howard's sole assignment of error, the judgment of the juvenile court and Howard's conviction in the trial court is affirmed.

HALL, J., concurs.

DONOVAN, J., concurring:

**{¶ 36}** In D.H.'s first direct appeal we lacked a meaningful record for appellate review.   Now we have it.   Thus, I concur in the judgment.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Brock A. Schoenlein
Hon. Mary Katherine Huffman