[Cite as *State v. Hoskins*, 2018-Ohio-4529.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 27486 and 27487 |
| | : | |
| v. | : | Trial Court Case Nos. 2015-CR-2937/2 and 2015-CR-3068/2 |
| | : | |
| DIAQUAN J. HOSKINS | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of November, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 135 West Dorothy Lane, Suite 117, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Diaquan J. Hoskins, appeals from his conviction on one count of aggravated robbery in Case No. 2015 CR 02937/2, and from his conviction on one count of aggravated robbery in Case No. 2015 CR 03068/2. Hoskins, who was originally charged as a minor in the Montgomery County Court of Common Pleas, Juvenile Division ("the juvenile court"), pleaded guilty after reaching an agreement with the State. Raising two assignments of error, Hoskins argues that the juvenile court abused its discretion by transferring the cases to the Montgomery County Court of Common Pleas, General Division ("the common pleas court") and that his defense counsel failed to provide effective assistance at his subsequent amenability hearing. We find that the juvenile court did not abuse its discretion by transferring the cases, and further, that counsel did not fail to provide Hoskins with effective assistance. Therefore, Hoskins's convictions are affirmed.

## I. Facts and Procedural History

{¶ 2} On September 18, 2015, the State filed a complaint against Hoskins in the juvenile court, alleging that on or about September 17, 2015, Hoskins committed aggravated robbery in violation of R.C. 2911.01(A)(1). Hoskins was approximately 17 years and 50 weeks of age at the time.[1] On October 1, 2015, the State filed two more complaints against Hoskins in the juvenile court. In the first of these, the State charged Hoskins with the commission of aggravated robbery in violation of R.C. 2911.01(A)(1) on or about September 4, 2015, and in the second, the State charged Hoskins with the

---

[1] In his brief, Hoskins states that he "turned 18 years old" on "November 10, 2015." Appellant's Br. 4. The record, however, clearly indicates that Hoskins was born on September 30, 1997.

commission of aggravated robbery in violation of R.C. 2911.01(A)(1) on or about September 10, 2015. Each of the three complaints included a firearm specification under R.C. 2941.145.

{¶ 3} On October 2, 2015, the State moved to transfer the cases to the common pleas court pursuant to R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b)(ii). The juvenile court sustained the State's motion in its order of November 3, 2015, finding probable cause to believe that Hoskins was guilty, and on November 30, 2015, a Montgomery County grand jury issued two indictments against him. In Case No. 2015 CR 02937/2, the indictment alleged, in a single count, that on or about September 17, 2015, Hoskins committed aggravated robbery in violation of R.C. 2911.01(A)(1). A firearm specification was attached. In Case No. 2015 CR 03068/2, the indictment alleged, in two counts, that: (1) on or about September 10, 2015, Hoskins committed aggravated robbery in violation of R.C. 2911.01(A)(1); and (2) on or about September 4, 2015, Hoskins committed aggravated robbery in violation of R.C. 2911.01(A)(1). Firearm specifications were attached to both counts.

{¶ 4} On April 16, 2016, Hoskins pleaded guilty to two counts of aggravated robbery—one count in Case No. 2015 CR 02937/2, and one count in Case No. 2015 CR 03068/2. In exchange, the State dismissed the firearm specifications in both of the cases, as well as the remaining count of aggravated robbery in the latter case. Following a presentence investigation, Hoskins appeared before the common pleas court on May 17, 2016, and the court sentenced him to four years of imprisonment for each offense, with the sentences to be served concurrently.[2] The court then stayed the sentences and,

_____

[2] The parties had "agreed [on a] four-year sentence." Transcript of Plea Hearing 5:10-

as a consequence of the State's dismissal of the firearm specifications, remanded the cases to the juvenile court pursuant to R.C. 2152.121(B).

{¶ 5} On August 31, 2016, the juvenile court held an amenability hearing. In its orders of the same date, the juvenile court determined that Hoskins was not amenable to care or rehabilitation within the juvenile system, and as a result, it returned the cases to the common pleas court for further proceedings.[3]

{¶ 6} On February 12, 2017, the common pleas court filed its third amended termination entry in Case No. 2015 CR 02937/2, and its fourth amended termination entry in Case No. 2015 CR 03068/2.[4] Hoskins timely filed notices of appeal on March 2, 2017, and we appointed appellate counsel to represent him. Counsel filed *Anders* briefs on behalf of Hoskins, who did not file briefs on his own behalf, but because we found that the record did not permit meaningful appellate review, at the time, of the amenability hearing held by the juvenile court on August 31, 2016, we set aside the *Anders* briefs and appointed substitute appellate counsel. The record has since been supplemented, and the parties have submitted their briefs on the merits.

## II. Analysis

{¶ 7} For his first assignment of error, Hoskins argues that:

> THE JUVENILE COURT'S DECISION TO TRANSFER THE

5:15, Apr. 19, 2016; *see also* Appellant's Br. 4; Appellee's Br. 2.

[3] Each of the three complaints originally filed in the juvenile court was assigned an individual case number. Two of these were essentially consolidated into Case No. 2015 CR 03068/2.

[4] In Case Nos. 27285, 27286, 27366 and 27367, the previous termination entries were deemed not to be final, appealable orders.

APPELLANT TO THE ADULT SYSTEM WAS AN ABUSE OF DISCRETION OR BASED UPON AN INSUFFICIENT FINDINGS [SIC] OF FACT.

**{¶ 8}** Hoskins contends that, in its orders of August 31, 2016, the juvenile court abused its discretion by transferring his cases to the common pleas court pursuant to R.C. 2152.121(B)(3)(b). Appellant's Br. 8-9. Specifically, Hoskins challenges the court's findings that he used a firearm while committing the offenses to which he pleaded guilty; that previous attempts at his rehabilitation through the juvenile system suggested that further attempts would be unavailing; and that he would not remain eligible for services long enough to be rehabilitated within the juvenile system. As well, Hoskins contends that the juvenile court failed to consider, or develop, aspects of the record that warranted its retention of jurisdiction over his cases. *Id.* at 10.

**{¶ 9}** The offenses to which Hoskins pleaded guilty in Case Nos. 2015 CR 02937/2 and 2015 CR 03068/2 would not initially have been subject to mandatory transfer from the juvenile court, because the State dismissed the firearm specifications originally attached to the charges.[5] Consequently, the juvenile court's orders of August 31, 2016, effected discretionary transfers to the common pleas court, which we review for abuse of discretion. *State v. Howard*, 2d Dist. Montgomery No. 27198, 2018-Ohio-1863, ¶ 14, citing *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 14, and *State v.*

---

[5] Under R.C. 2152.10(A)(2)(b), the charges of aggravated burglary would have been subject to mandatory transfer only if Hoskins had pleaded guilty to committing the offense with a firearm on or about his person and had admitted that he "displayed the firearm, brandished the firearm, indicated [his] possession of the firearm, or used the firearm to facilitate" the offense. Hoskins pleaded guilty to two counts of aggravated robbery with an unspecified deadly weapon.

*Watson*, 47 Ohio St.3d 93, 95, 547 N.E.2d 1181 (1989). A court abuses its discretion by issuing an order or decision that is " 'unreasonable, arbitrary or unconscionable.' " *State v. Taylor*, 2d Dist. Montgomery No. 27542, 2017-Ohio-8913, ¶ 23, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Under this standard, a "juvenile court enjoys wide latitude to retain or [to] relinquish jurisdiction," although it "is required to consider whether [any] relevant factors under R.C. 2152.12(D), which indicate that [a] case should be transferred, outweigh [any] relevant factors under R.C. 2152.12(E), which indicate that [a] case should not be transferred." *Watson* at 95; *Howard* at ¶ 15 and 19.

{¶ 10} At the amenability hearing on August 31, 2016, the parties jointly waived their rights to offer testimony and stipulated to the contents of a report prepared by the juvenile court's psychologist, Dr. Fujimura. After the parties offered oral arguments, the juvenile court announced its decision from the bench. The following "key points," among other things, persuaded the court that it should relinquish jurisdiction: (1) the juvenile system had only a "two-year window" remaining in which to "work with" Hoskins, who was 18 years and 11 months old at the time; (2) Hoskins's juvenile record began before his tenth birthday, and in the previous eight and a half years, he had been "detained 12 times"; (3) on numerous occasions, Hoskins had been subjected to electronic home monitoring and probation supervision, though he violated the terms; (4) Hoskins had been placed at the Nicholas Residential Treatment Center but left without permission; (5) Hoskins had already "been supplied [with] a substantial amount of services through the juvenile justice system" but "continued to find a way to get in trouble"; (6) Hoskins did not "follow through on treatment" for mental health concerns; and (7) Dr. Fujimura's report indicated that Hoskins demonstrated an unwillingness to reform. In its orders

transferring Hoskins's cases, the court summarized the rationale for its decision by reference to the factors listed in R.C. 2152.12(D)(5), (7) and (9).

{¶ 11} Hoskins maintains that because the "firearm specifications were dismissed [by the State] as part of [his] plea agreement," the juvenile court had "no factual basis" for finding, pursuant to R.C. 2152.12(D)(5), that he possessed and "allegedly used or displayed [a] firearm" when he committed the offenses to which he pleaded guilty. Appellant's Br. 9. Further, claiming that "he responded" to mental health counseling and the administration of "appropriate medication" in the past, Hoskins faults the court for finding, pursuant to R.C. 2152.12(D)(7), that the "results of [his] previous juvenile sanctions and [participation in related] programs" indicated that he would "not [be rehabilitated] in the juvenile system." *Id.* In addition, Hoskins disputes the court's finding, pursuant to R.C. 2152.12(D)(9), that two years was not "sufficient time" for the juvenile system to rehabilitate him. *Id.*

{¶ 12} Although the State dismissed the firearm specifications pursuant to its plea agreement with Hoskins, the juvenile court's finding under R.C. 2152.12(D)(5) was supported by the record before it. Each of the complaints originally filed by the State on September 18, 2015, and October 1, 2015, alleged that Hoskins committed aggravated robbery with a "handgun," and the disposition investigation report likewise referred to a "handgun" or "firearm."[6]

{¶ 13} The juvenile court's findings under R.C. 2152.12(D)(7) and (9) were also supported by the record. Throughout Hoskins's roughly eight-year history with the

---

[6] The presentence investigation report ordered by the common pleas court included these allegations, as well.

juvenile system, repeated attempts at rehabilitation had failed, and after eight years of unsuccessful attempts, the court had little reason to conclude that two more years would be sufficient time for his rehabilitation to occur within the juvenile system.

{¶ 14} Hoskins also contends that the juvenile court "was incorrect" when it found that none of the factors in R.C. 2152.12(E) was applicable in his case. Appellant's Br. 10. Citing Dr. Fujimura's psychological report, Hoskins argues that the court should have found, under R.C. 2152.12(E)(6), that he was not "mature enough" for his cases to be transferred, and that the court should have found, under R.C. 2152.12(E)(7), that his cases should not be transferred because he had a "mental illness or intellectual disability." *Id.* He faults the court further for "not even look[ing] into" the other factors set forth in R.C. 2152.12(E)—specifically, R.C. 2152.12(E)(1)-(4). *See id.*

{¶ 15} Regarding the psychological report, Hoskins essentially disputes the juvenile court's interpretation of Dr. Fujimura's analysis. The court, nevertheless, indicated that it considered the factors listed in R.C. 2152.12(E), and even if the court should have determined that the report called Hoskins's maturity and mental health into question, the court was nonetheless entitled, as an exercise of discretion, to find that the factors listed in R.C. 2152.12(D), which support transfer, outweighed the contrary factors in R.C. 2152.12(E). Furthermore, the report does not unequivocally establish either that Hoskins was not mature enough for transfer to be appropriate, or that he had a mental illness sufficient, of itself, to justify the court's retention of jurisdiction.

{¶ 16} Regarding R.C. 2152.12(E)(1)-(4), which relate to the circumstances of the "act [or acts] charged," Hoskins claims that "no evidence [was] introduced as to the facts surrounding the * * * charges in his case." Appellant's Br. 10. Yet, Hoskins waived his

right to introduce such evidence at the hearing, and as the State notes in its brief, the disposition investigation report, which was part of the record before the juvenile court, provided detailed descriptions of the acts of aggravated robbery with which Hoskins was charged.    *See* Appellee's Br. 9.

{¶ 17} Where a juvenile "court considers the appropriate statutory factors," and if "there is some rational basis in the record to support the court's findings" with respect to those factors, an appellate court should not "conclude that the [juvenile] court abused its discretion in deciding whether to transfer jurisdiction."   (Citations omitted.)   *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.); *see also Howard*, 2d Dist. Montgomery No. 27198, 2018-Ohio-1863, at ¶ 15.   Here, the juvenile court indicated that it considered the provisions of R.C. 2152.12(D)-(E), and the record provided a rational basis for the court's decision to transfer Hoskins's cases.   We find accordingly that the juvenile court did not abuse its discretion by ordering the transfer. The first assignment of error is overruled.

{¶ 18} For his second assignment of error, Hoskins argues that:

APPELLANT'S COUNSEL [SIC] WAIVER OF APPELLANT'S RIGHT TO HAVE AN EVIDENTIARY HEARING WAS INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 19} Hoskins suggests that in "light of [Dr.] Fujimura's report, it is evident that much could have been presented to convince the [juvenile] [c]ourt that * * * transfer [of his cases to the common pleas court] was not warranted."   Appellant's Br. 12-13. Because the amenability hearing on August 31, 2016, was his "last opportunity to [avoid] adult prison," Hoskins contends that by waiving his right to introduce evidence at the

hearing, his counsel failed to render effective assistance.

**{¶ 20}** To prevail on a claim of "ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 38 (2d Dist.). The *Strickland* test requires a showing that: "(1) defense counsel's performance was so deficient that [it did not fulfill the right to assistance of counsel] guaranteed under the Sixth Amendment to the United States Constitution; and (2) * * * defense counsel's errors prejudiced the defendant." *Id.*, citing *Strickland* at 687. Judicial "scrutiny of counsel's performance must be highly deferential," so "a [reviewing] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). To show prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of [a given] proceeding would have been different." *Id.* at 694. A failure "to make either showing defeats" the claim. *Cardenas* at ¶ 38.

**{¶ 21}** Hoskins acknowledges that "it is impossible to determine" whether evidence "that was never submitted" to the juvenile court would have "changed the outcome" of his amenability hearing, yet he insists that "it is obvious that more evidence on the relevant factors [under R.C. 2152.12(E)] could * * * easily [have] been submitted." Appellant's Br. 13. Nevertheless, he offers no description of the additional evidence that he believes his counsel should have introduced at the amenability hearing, apart from a reference to Dr. Fujimura's report. *See id.* at 12-13.

**{¶ 22}** Evaluating counsel's performance deferentially, as we must, we find that

Hoskins has not satisfied his burden pursuant to the first part of the *Strickland* test. Counsel presumably had one or more reasons for advising Hoskins to waive his right to present evidence at the hearing—for example, counsel might have sought to prevent additional, unfavorable evidence from entering the record. For that matter, the record, as Hoskins has argued, contained at least some evidence favorable to his opposition to the transfer of jurisdiction, and counsel's decision to rely on that evidence, rather than allow the State a further opportunity to present adverse evidence, is not on its face unreasonable.

**{¶ 23}** Moreover, Hoskins has not satisfied his burden under the second part of the *Strickland* test. Irrespective of whether counsel could easily have submitted additional evidence, we cannot find "a reasonable probability that," but for the waiver of Hoskins's right to present such evidence at the hearing, the outcome of the hearing "would have been different." *Strickland* at 694. The second assignment of error is overruled.

### III. Conclusion

**{¶ 24}** We find that the juvenile court fulfilled its statutory obligations and did not abuse its discretion by ordering Hoskins's cases to be transferred to the common pleas court, and further, we find that Hoskins's counsel did not fail to provide him with effective representation at his amenability hearing. Therefore, Hoskins's convictions are affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
William O. Cass, Jr.
Diaquan J. Hoskins
Hon. Anthony Capizzi
Hon. Gregory F. Singer