**[Cite as *State v. Cuffie*, 2020-Ohio-4844.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-700 |
| | : | |
| ELIJAH A. CUFFIE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of October, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
 Attorney for Plaintiff-Appellee

CHRISTOPHER EPLEY, Atty. Reg. No. 0070981, 10 West Second Street, Suite 2400, Dayton, Ohio 45402
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Elijah A. Cuffie, asserts that the Clark County Court of Common Pleas, Juvenile Division ("the juvenile court") abused its discretion when it transferred juvenile criminal charges pending against him to the general division for adult adjudication.   Finding no abuse of discretion, the juvenile court's order will be affirmed.

### Facts and Procedural History

{¶ 2} As a result of conduct occurring on July 12, 2018, four juvenile criminal charges were filed against Cuffie: (1) having weapons while under disability; (2) carrying a concealed weapon; (3) improper handling of a firearm in a motor vehicle; and (4) obstructing official business.   Cuffie was 16 years old when the conduct occurred.

{¶ 3} The State filed a motion to transfer the case to the general division to allow Cuffie's prosecution as an adult.   In response to the State's motion, the juvenile court conducted a probable cause hearing and, following the hearing, the court filed a judgment entry finding that, "based upon the unrefuted testimony and evidence[,] * * * there is sufficient evidence * * * establishing a reasonable belief that * * * Cuffie committed the felony acts that are alleged."   Thus, probable cause was established.   Since the transfer to the general division was discretionary, the juvenile court ordered an amenability evaluation and noted that an amenability hearing would be scheduled.

{¶ 4} The amenability hearing was conducted and resulted in the juvenile court's issuing a judgment entry which concluded that Cuffie was "not amenable to rehabilitation within the juvenile system, and the safety of the community require[d] that he be transferred for prosecution as an adult."

{¶ 5} The transfer to the general division resulted in a three-count indictment charging Cuffie with having weapons under disability, carrying a concealed weapon, and

improper handling of a firearm in a motor vehicle. Cuffie filed a motion to suppress the firearm at issue, but the trial court overruled the motion. Cuffie then entered a no contest plea to the weapons under disability and improper handling of a firearm in a motor vehicle counts, and the carrying a concealed weapon count was dismissed. The trial court sentenced Cuffie concurrently to 30 months on the weapons under disability count and 17 months on the improper handling of a firearm in a motor vehicle count. This appeal followed.

## Analysis

{¶ 6} Cuffie's sole assignment of error is as follows:

THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT TRANSFERRED JURISDICTION TO THE GENERAL DIVISION.

{¶ 7} The discretionary transfer of a juvenile offender's criminal case from the juvenile division of the common pleas court to the court's general division is governed by Juv.R. 30(C) and (G) and R.C. 2152.12(B), (C), (D), (E), and (I). Juv.R. 30(C) and (G) state in pertinent part as follows:

(C) In any proceeding in which transfer of a case for criminal prosecution is permitted, but not required, by statute, and in which probable cause is found at the preliminary hearing, the court shall continue the proceeding for full investigation. The investigation shall include a mental examination of the child by a public or private agency or by a person qualified to make the examination. When the investigation is completed, an amenability hearing shall be held to determine whether to transfer jurisdiction. The criteria for transfer shall be provided by statute.

* * *

(G) The order of transfer shall state the reasons for transfer.

{¶ 8} R.C. 2152.12(B), (C), (D), (E), and (I) state in pertinent part as follows:

(B) Except as provided in division (A) of this section,[1] after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:

(1) The child was fourteen years of age or older at the time of the act charged.

(2) There is probable cause to believe that the child committed the act charged.

(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions.   In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred.   The record shall indicate the specific factors that were applicable and that the court weighed.

(C) Before considering a transfer under division (B) of this section, the juvenile court shall order an investigation into the child's social history,

---

[1] Division (A) sets forth the criteria for mandatory transfers from the juvenile court to the general division.

education, family situation, and any other factor bearing on whether the child is amenable to juvenile rehabilitation, including a mental examination of the child by a public or private agency or a person qualified to make the examination.   * * *

(D) In considering whether to transfer a child under division (B) of this section, the juvenile court shall consider the following relevant factors, and any other relevant factors, in favor of a transfer under that division:

(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.

(2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.

(3) The child's relationship with the victim facilitated the act charged.

(4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, or indicated that the child possessed a firearm.

(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7) The results of any previous juvenile sanctions and programs indicates that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

(E) In considering whether to transfer a child under division (B) of this section, the juvenile court shall consider the following relevant factors, and any other relevant factors, against a transfer under that division:

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or intellectual disability.

(8) There is sufficient time to rehabilitate the child within the juvenile system

and the level of security available in the juvenile system provides reasonable assurance of public safety.

* * *

(I) Upon transfer of a case under division (A) or (B) of this section, the juvenile court shall state the reasons for the transfer * * *.

{¶ 9} In Cuffie's case, there was no dispute that the age and probable cause bindover criteria were present. Further, there was no dispute that Daniel Davis, a qualified Ph.D. psychologist, conducted a forensic psychological evaluation which included a review of Cuffie's social history, education, and family situation. The parties stipulated to Davis's evaluation and it was admitted at the amenability hearing as Exhibit 6. Thus, the only issue was the juvenile court's negative amenability determination.

{¶ 10} A juvenile court's amenability determination is reviewed under an abuse of discretion standard. *State v. Howard*, 2d Dist. Montgomery No. 27198, 2018-Ohio-1863, ¶ 14, citing *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 14; *State v. Watson*, 47 Ohio St.3d 93, 95, 547 N.E.2d 1181 (1989). As often stated, "a trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. Given this standard, "as long as the [juvenile] court considers the appropriate statutory factors and there is some rational basis in the record to support the court's findings when applying these factors, [an appellate court] cannot conclude that the trial court abused its discretion in deciding whether to transfer jurisdiction. *Howard* at ¶ 15, quoting *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.).

{¶ 11} As noted, Cuffie asserts the juvenile court abused its discretion when it

found that he was no longer amenable to care and rehabilitation in the juvenile system and that community safety required the transfer. We disagree.

{¶ 12} The amenability hearing included testimony from Joe Hunter, the director of the Clark County Juvenile Detention Center, Kyle Dickinson, a parole officer who supervised Cuffie, Springfield Detective Ronald Jordan, and Kamaria Amadou Asufu, Cuffie's mother. Additionally, the juvenile court had the benefit of Dr. Davis's comprehensive evaluation. Davis discussed the relevant R.C. 2152.12(D) factors that suggested Cuffie was not amenable to rehabilitation within the juvenile system and the relevant R.C. 2152.12(E) factors which suggested that Cuffie was amenable to such rehabilitation. Davis's forensic psychological conclusions were in relevant part as follows:

1. [Cuffie] is mentally ill with a diagnosis of Disruptive Mood Dysregulation Disorder and an Unspecified Trauma Related Disorder and Attention Deficit Hyperactivity Disorder, by history. He is also diagnosed with Conduct Disorder, Childhood Onset Type, Severe, which is generally not considered to be a mental illness.

2. He is not Intellectually Disabled.

3. When the factors listed in my report are taken into consideration, it is my opinion that this youth has at [sic] *a low probability*, from a psychological standpoint only, of positively responding to treatment within the juvenile justice system.

4. Accordingly, it is my opinion that *the psychological factors against amenability outweigh those against amenability* [sic] (the ultimate opinion,

of course, being that of the Trier of Fact).

* * *

(Emphasis in original.)

{¶ 13} The juvenile court's judgment summarized the testimony. Of particular importance to the juvenile court was the testimony of Amadou Asufu. The juvenile court noted that although Amadou Asufu disputed a few of Davis's findings, her testimony confirmed that Cuffie had "failed to respond to any interventions over the past six years[,][2] and her overall testimony aligned with [Davis's] report with respect to [Cuffie's] lengthy history of court involvement and failure to respond to rehabilitative interventions."

{¶ 14} The judgment then discussed the pertinent R.C. 2152.12(D) factors favoring transfer to the general division. The juvenile court concluded this discussion by stating: "[G]iven the high level of criminogenic thinking displayed by Cuffie at this point, there is not sufficient time to continue with juvenile rehabilitative methods." The judgment next discussed the relevant R.C. 2152.12(E) factors weighing against a transfer to the general division. The discussion recognized that Davis determined that Cuffie had diagnosed mental illness, but that the mental illness did not change Davis's recommendation that, from a psychological standpoint, "Cuffie was not amenable to continued juvenile

---

[2] The six year reference reflects that Cuffie became involved in the juvenile justice system at age ten. Davis's report documented that during Cuffie's six-year involvement in the juvenile system, he was adjudicated delinquent for committing a number of offenses including assault, vandalism, and burglary. Davis's report additionally documented two commitments to the Ohio Department of Youth Services and a number of probation and parole violations. The record reflects that the conduct which prompted the State's request for adult adjudication began as a traffic stop. After the stop, Cuffie, who had an active parole violation warrant, attempted to flee on foot from the police. After Cuffie's apprehension, a search of the stopped vehicle resulted in the discovery of a Glock .357 handgun.

interventions."

{¶ 15} The juvenile court reached the following conclusions:

* * *

[The] Court is in agreement with Dr. Davis's conclusions. The lengthy history that [Cuffie] has with this court and with various juvenile rehabilitation centers is evident. Moreover, virtually none of these interventions has proven successful, and he continues to display behavior that is criminal. After six years of attempts to redirect his behavior and provide him with the tools he needs to be a law-abiding citizen, it is apparent that he is not interested in such a lifestyle. The safety of the community demands that he be transferred for criminal prosecution.

{¶ 16} The record reveals that the juvenile court carefully considered the R.C. 2921.12(D) and (E) factors weighing for and against transfer of Cuffie's case to the general division for adult adjudication. Further, the record, in particular Davis's evaluation, supported the juvenile court's conclusions regarding the relevant R.C. 2921.12(D) and (E) factors and also the court's ultimate conclusion to transfer Cuffie's case to the general division for adult adjudication. On this record, we cannot conclude that the juvenile court abused its discretion by ordering the bindover of Cuffie's case to the general division. Thus, Cuffie's assignment of error is overruled.

{¶ 17} For the indicated reasons, the juvenile court's judgment is affirmed.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

John M. Lintz
Christopher Epley
Elijah A. Cuffie
Hon. Richard J. O'Neill